SYLVESTER KIPP et al. vs. FRANK DAWSON.

Argued Nov. 2, 1894. Affirmed Nov. 12, 1894.

No. 9047.

**Form of the certification of copy resolution designating newspaper to publish delinquent tax list.**

1878 G. S. ch. 11, § 72, requires the county commissioners to designate by resolution the newspaper in which the delinquent tax list, and notice of application for judgment thereon, shall be published, and provides that a copy of such resolution, "certified by the county auditor, shall be filed in the office of the clerk of the court." Held, 1878 G. S. ch. 73, § 65, does not apply to such certificate, and it is not essential that such certificate should state that the copy of the resolution had been compared with the original, as required by that section, if it otherwise sufficiently appears that the copy is a true one.

**Compelling unpaid witness to testify.**

Held, it is not error in the trial court to refuse to compel a person to be sworn and testify, who is present in court at the time of the trial, but who has not been subpoenaed, or his witness fees paid, and who objects to being sworn on that ground; at least, unless his per diem witness fees are paid him.

Appeal by plaintiffs, Sylvester Kipp and Orrin Kipp, from a judgment of the District Court of Chisago County, F. M. Crosby, J., entered September 1, 1893, adjudging that they are not owners of the land in dispute.

On September 26, 1881, the plaintiffs owned sixty seven acres of land in the north half of the southeast quarter of section thirty one

(31) T. 34, R. 21 in Chisago County. Pursuant to Laws 1881, ch. 135, the County Auditor of that county sold this land that day under a tax judgment entered in the District Court of that county for the taxes of 1879 and prior years. J. H. Dawson bid it off and received a tax sale certificate, and afterwards in due time a tax deed. He afterwards died intestate and his son the defendant Frank Dawson inherited his title.

The plaintiffs commenced this action under Laws 1887, ch. 127, to determine this adverse tax title. Defendant answered and the issues were tried July 11, 1893. Findings were filed and judgment entered for defendant. Plaintiffs appeal.

*Chas. J. Berryhill,* for appellants.

The certified copy resolution offered in evidence designating a newspaper to publish the list of delinquent taxes affirmatively shows that the copy required to be certified and filed by the auditor is defective, invalid, illegal, and not a certified copy under 1878 G. S. ch. 73, § 65, because it is not a compared copy, nor a copy of said original certified as required by that statute. The essence of the statute being that the certificate must show that the copy have been compared by the certifying officer with the original. *Kelly* v. *Wallace,* 14 Minn. 236; *In re Gazett,* 35 Minn. 532; *McGinniss* v. *Sawyer,* 63 Pa. St. 259; *Ordway* v. *Conroe,* 4 Wis. 45; *Hackett* v. *Bonnell,* 16 Wis. 471; *Eberts* v. *Eberts,* 55 Pa. St. 110; *Smith* v. *United States,* 5 Pet. 292; *Broxson* v. *McDougal,* 63 Tex. 193; *Tull* v. *David,* 27 Ind. 377; *English* v. *Sprague,* 33 Me. 440; *McGuire* v. *Sayward,* 22 Me. 230.

*A. D. Smith,* and *P. H. Stolberg,* for respondent.

1878 G. S. ch. 73, § 65, has application only to documents offered in evidence to prove facts in a judicial proceeding. The document certified and filed by the auditor of the county in this case with the clerk of the District Court was not an affidavit, record document or other paper allowed by law to be evidence.

If the auditor had filed the resolution of the county commissioners with the clerk of the court and had omitted to certify under his hand that the same is a correct copy of the resolution, even then a

sale held in compliance with the proceedings which ensued would be legal and valid.    The law requiring certification is directory, not mandatory.    *Chandler* v. *Spear*, 22 Vt. 388; *State* v. *Metz*, 31 N. J. Law, 378; *McDonough* v. *Gravier*, 9 La. 546; *Torrey* v. *Millbury*, 21 Pick. 64.

CANTY, J.    This action is brought to test the validity of a tax title under the forfeited tax sale of 1881.    Laws 1881, ch. 135. 1878 G. S. ch. 11, § 72, requires the board of county commissioners to designate by resolution the newspaper in which the delinquent tax list, and notice of application for judgment thereon, shall be published, and provides that a copy of such resolution, "certified by the county auditor, shall be filed in the office of the clerk of the court." It is claimed by plaintiffs that the copy of the resolution filed in the clerk's office in this case was not properly certified, and this is the only defect urged against the tax judgment and sale.    The court below found in favor of the validity of the tax judgment, and, from the judgment entered against them in this action, plaintiffs appeal.

The certificate of the county auditor to the copy of the resolution so filed is as follows:

"State of Minnesota, County of Chisago—ss.:    I, J. P. Nord, county auditor of Chisago county, hereby certify that the foregoing is a true and correct copy of a resolution passed by the board of county commissioners of said county at their session held at Centre City, in said county, on the 15th day of March, 1881, as the same appears upon the records of my office.    Witness my hand and official seal at Centre City, Chisago county, state of Minnesota, this 1st day of June, A. D. 1881.

"[Official Seal.]                                    J. P. Nord,
                              "County Auditor, Chisago County."

It is contended by appellants that 1878 G. S. ch. 73, § 63, applies to such a certificate as this, and that the auditor should have certified the copy of the resolution "to have been compared by him with the original, and to be a correct transcript thereof."    We are of the opinion that section 65 does not apply to such a certificate as this.    It, as well as some of the other sections in that chapter, provides the manner of certifying to copies of public records with a

view to their use as evidence on the trial of actions. The provision requiring the certificate to state that the copy had been compared with the original is analogous to the oral evidence necessary to prove an examined copy at common law. 1 Greenl. Ev. § 508. " 'To certify' means to testify to a thing in writing, and the statute does not prescribe any particular form of certification." *State ex rel.* v. *Brill*, 58 Minn. 152, (59 N. W. 989.) We are of the opinion that the certificate in question is sufficient.

The plaintiffs called as a witness a person sitting in the court room at the time of the trial, but the person refused to be sworn or to testify because he had not been subpœnaed, or paid his witness fees, and the court ruled he had no power to compel him to be sworn. Plaintiffs assign this as error. It is not necessary to decide whether or not the witness, under such circumstances, should be subpœnaed. He was just as much entitled to his *per diem* witness fee in advance, when he demanded them, as if he had been duly subpœnaed. Besides, it does not appear that the witness was at all material.

The judgment should be affirmed. So ordered.

GILFILLAN, C. J., took no part.

(Opinion published 60 N. W. 845.)

Petition for reargument denied Dec. 4, 1894.