'(April 6, 1895.)

## SIMMONS v. CUNNINGHAM.

· [39 Pac. 1109.]

JURORS—REGULAR PANEL—OPEN VENIRE.—Under provisions of section 396 of the Revised Statutes, the court may, for good cause, discharge regularly drawn and summoned jurors, and order open venire for jurors to try causes at the term for which jurors were regularly drawn.

EVIDENCE—CROSS-DEMAND—INSTRUCTIONS—NONSUIT.—When plaintiff refuses to introduce evidence to prove his case, and defendants fail to produce evidence to prove their cross-demand against plaintiff, it is error to instruct the jury to find for the defendant. *Held,* in that case action should have been dismissed or a judgment of nonsuit entered.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

Albert Hagan and C. W. Beale, for Appellant.

The regular panel must be exhausted before the court may issue a special venire. (12 Am. & Eng. Ency. of Law, bot. p. 338.) A panel of jurors not drawn according to law is a nullity. (*Clinton v. Englebroct,* 13 Wall. 441.) A different construction of this act would put it in power of the district judge and sheriff to prepare a jury at any time to subserve personal

ends and thus render our jury system an engine of oppression instead of an institution by aid of which to redress wrongs. (*People v. Dunn,* 1 Idaho, 76.) The judgment should have been one of dismissal only, especially as no one attempted to offer any testimony. When there is no evidence, nonsuit is the remedy. (*Stoddard v. Vandyke,* 12 Cal. 438; *Copper Hill etc. Co. v. Spencer,* 25 Cal. 26; *Ensminger v. McIntire,* 23 Cal. 594; *Wilson v. Southern Pac. R. R. Co.,* 62 Cal. 164, 172.)

C. W. O'Neil, for Respondent.

I contend that no challenge lies to the panel in a civil case. "Challenges belong to one of two classes, viz., challenges to the array or to the polls. In either case the challenge cannot be made until the jury box is full." (Wait's Practice, 103; *King v. Edwards,* 4 Barn. & Ald. 471; *Burnskill v. Giles,* 9 Bing. 13.) Even in criminal cases, where a challenge to the panel is allowed, it is not error to disallow the challenge if it is not based upon any of the grounds specified in the code. (*Territory v. Evans,* 2 Idaho, 651, 23 Pac. 232; *People v. Darr,* 61 Cal. 654; *People v. Wallace,* 101 Cal. 281, 35 Pac. 862.) "There is abundant authority for holding that where there is no intimation or charges of bad faith, the court has the power whenever the necessity arises, and there is no regular jury in attendance to impanel a jury to try a case which has been regularly set and is ready for trial, to a jury." (*Bennett v. Tintic Iron Co.,* 9 Utah, 291, 34 Pac. 62; *Mackey v. People,* 2 Colo. 15; citing *Stone v. People,* 2 Scam. 326.) If the plaintiff fails to prove his case, and does not take a voluntary nonsuit, the defendant may either move for a nonsuit or have a judgment upon the merits. (Hayne on New Trial and Appeal, sec. 114; Thompson on Trials, secs. 2245, 2267.)

SULLIVAN, J.—This is an action in ejectment to obtain possession of a mining claim. It appears from the record that at the commencement of the June term, 1894, of the district in and for Shoshone county there were present thirty-six jurors, who had been regularly drawn and summoned; that afterward, on June 20th, thirty additional jurors were ordered by the court to be summoned on an open venire. On July 7th the court

took a recess until July 16th, by reason of a resolution adopted. by the bar of Shoshone county requesting the judge to adjourn the term to that date. This recess was taken, at the request of said bar, on account of a troubled condition of affairs in said county, and it was doubtful whether the business of the court would be proceeded with on the day to which the court ad- journed; and the judge, not wishing to keep the panel then summoned, because of the great expense to the county, dis- charged the jurors. On July 16th the court convened, and the conditions had become such that it was deemed advisable for the court to proceed with the business; and, it appearing to the court that a jury was needed to properly dispose of the business then before the court, an open venire was ordered, and forty jurors summoned, and the court proceeded to dispatch the busi- ness of the term. The case at bar came regularly on for trial on August 2, 1894; and, a jury being about to be called to try the issues, appellant's counsel interposed a challenge to the panel, which challenge is as follows: "Comes now the plaintiff, and challenges the panel of the jury herein in attendance on said court, and the whole thereof, upon the following grounds, to wit: 1. That at the commencement of the present term of court, in June, 1894, to wit, June 13, 1894, a jury was regularly drawn from the box as provided by law; and said jury was in at- tendance upon this court until on or about the seventh day of July, 1894, when said panel, so drawn and in attendance, was discharged by the court, and the whole thereof discharged; and thereafter, on the sixth day of July, 1894, an open venire was issued and placed in the hands of the sheriff to summon a jury from the body of the county, and not from the names drawn from the jury box, and that such order and such panel was un- authorized and illegal. 2. That the court had no authority to discharge a drawn jury *in toto* in the middle of or during the term, and substitute therefor a panel summoned by the sheriff on an open venire. 3. That the plaintiff is entitled as much as any other litigant to have his case tried by the jury regularly drawn, and in attendance upon the court, and should not be forced to accept a panel not drawn as pro- vided by law. 4. That in summoning and procuring the pres- ent panel the court proceeded without authority of law, and did

not conform to title 3 of the Code of Civil Procedure, nor did
the court conform to sections 3960-3962 of the Revised Stat-
utes of Idaho.  5.  Said panel was not drawn and summoned as
provided by section 3961.  Wherefore plaintiff moves that this
challenge be sustained; that said panel be discharged; and that
he be not compelled to select therefrom jurors to try his cause."
The challenge was denied by the court; whereupon the plaintiff
announced that he would stand on his challenge, and refused to
go to trial; whereupon the jury was impaneled and sworn to
try the cause, to which action plaintiff duly excepted, and re-
fused to offer any testimony.  The defendants offered no testi-
mony, but asked the court to instruct the jury to find for the
defendants, which instruction was given; whereupon the jury
retired, and afterward returned a verdict in favor of defendants,
and judgment was entered in their favor, decreeing that the
defendants were owners of and entitled to the possession of the
placer mining ground in dispute.  This appeal is from the judg-
ment.

The first error assigned is that the court erred in overruling
the challenge to the panel.  Under this assignment of error, the
appellant contends that, as a jury regularly drawn and sum-
moned had been discharged, the court was not authorized by
law to order an open venire for a jury; that section 3961 of the
Revised Statutes is the only one that permits the court to order
an open venire, and the provisions of that section permits such
order only "whenever jurors are not drawn and summoned to
attend."  Said section is as follows:

"Sec. 3961.  Whenever jurors are not drawn and summoned
to attend any court of record, or a sufficient number of jurors
fail to appear, such court may, in its discretion, order a sufficient
number to be drawn and summoned to attend such court or it
may, by an order entered on its minutes, direct the sheriff of
the county to summon so many good and lawful men of his
county to serve as jurors as the case may require.  And in
either case such jurors must be summoned in the manner pro-
vided by the preceding section."

We think, under a fair construction of said section, if jurors
are drawn and summoned and appear, and are thereafter dis-
charged by the court for good cause, and it therefore appears

that a jury is necessary in the trial of any case, the court may order an open venire. We do not hold that a court may captiously or through caprice discharge the regularly drawn and summoned jurors, and issue an open venire for others. But when, as in this case, it was shown that, because of the excited condition of the people, the turmoil and strife occasioned by strikes, riots, and murders in the county in which court is being held, the court discharges the regular panel, and takes a recess, upon the reconvening of the court, if the business requires it the court may issue an open venire, and thus secure a jury. No claim is made by appellant that the court acted in bad faith in discharging the regularly drawn jurors, or in ordering the open venire, or that the sheriff acted corruptly in summoning the jurors. In *Bennett v. Iron Co.,* 9 Utah, 291. 34 Pac. 61, the court says: "There is abundant authority for holding that, when there is no intimation or charge of bad faith, the court has the power, whenever the necessity arises, and there is no regular jury in attendance, to impanel a jury to try a case which has been properly set, and is ready for trial to a jury." Under the circumstances of the case at bar, we do not think the court erred in denying the challenge.

The second error assigned is: "The court erred in submitting the case to the jury when plaintiff rested upon his challenge, but should have simply dismissed the plaintiff's case, under subdivision 5 of section 4354 of the Code of Civil Procedure." It appears from the record that plaintiff elected to stand on his challenge, and refused to go to trial before the jury. Thereupon a jury was sworn to try the case. The defendants offered no testimony, but asked the court to instruct the jury to find for defendants, which the court did, and a verdict was found for the defendants, reciting that they were the owners of and entitled to the possession of the mining claim described in the complaint; whereupon judgment was entered in favor of defendants in accordance with said verdict, to all of which plaintiff duly excepted. The defendants offered no evidence whatever to prove their cross-demand against the plaintiff, and the court erred in instructing the jury to find for them. Un-

der the provisions of section 4354, subdivision 4, the court should have ordered a dismissal of the case or judgment of non-suit when the plaintiff refused to produce his proof and the defendants failed to produce any testimony in support of their cross-demand against plaintiff. The defendants were not entitled to the relief asked without proof of their demand.

The judgment is reversed, and cause remanded for trial. If the parties refuse to proceed with the trial, the court below is directed to dismiss the action. Each party shall pay their own costs on this appeal.

Morgan, C. J., and Huston, J., concur.