STATE OF MINNESOTA v. GUSTAVE PETERSON and Another.[1]

May 7, 1895.

Nos. 9536—(66).

**Grand Jury—Adjourned Term.**

 The district court has the power, under the statute, to discharge the grand jury impaneled at a regular general term of the district court, adjourn the term to a future day, and order a new venire of grand jurors to be drawn and summoned for such adjourned term.

**Same—Jury List.**

 Such new venire may be drawn from the regular jury list selected by the county commissioners and certified and filed with the clerk of the court.

**Same—Certificate to Jury List.**

 The statute requires such commissioners to make out separate lists of grand and petit jurors. *Held,* two separate lists following one heading,

[1] Reported in 63 N. W. 171.

and certified to by only one certificate, comply with the statute. *Held*, the certificate in this case is sufficient.

**Same—Regular List.**

The number of names on the grand jury list was reduced to 49 by the drawing of the grand jury for the regular term. The county commissioners did not meet after such drawing and before the drawing of the grand jurors for the adjourned term. *Held*, a grand jury for such adjourned term might legally be drawn from said 49 names.

**Indictment—Dismissal after Demurrer.**

The dismissal of an indictment on the motion of the county attorney after the same has been attacked by demurrer is not equivalent to a decision of the court sustaining the demurrer, so as to prevent the case from being resubmitted to the same or another grand jury, without the order of the court.

**Same—Second Indictment.**

On the dismissal of an indictment on the motion of the county attorney, a second indictment may be found by the same grand jury for the same offense, on the evidence already received on which the former indictment was found, and it is not necessary that any new or additional evidence be received. *Held*, the motion to set aside the second indictment was correctly denied.

Gustave Peterson and John J. Ostby were indicted in the district court for Polk county, for selling intoxicating liquors to a minor. A motion to set aside the indictment and to discharge defendants from custody was denied by Ives, J., who certified to the supreme court the question whether such denial was error. Question answered in the negative.

*H. W. Childs*, Attorney General, and *George B. Edgerton*, for the State.

*H. Steenerson, J. Walseth*, and *De Forest Bucklin*, for defendants.

CANTY, J.   The defendants were indicted at an adjourned term of the district court for the crime of selling on January 14, 1895, intoxicating liquor to a minor. They moved to set aside the indictment on the grounds hereinafter stated, the motion was denied by the court, and the judge thereof certifies to this court the question whether it was error to deny said motion.

The regular general term of the district court of Polk county commenced on December 3, 1894. On December 10 the grand jury appeared before the court and reported that they had finished their

business.    Thereupon the judge stated to them that they had failed
to do their duty; "that he knew there was sufficient evidence before
them to find indictments in cases where they had failed to do so";
and that he felt it his duty to order a special venire for 23 grand
jurors to issue immediately; and therefore discharged them.    The
court then ordered a special venire for 23 grand jurors, returnable
December 17, to issue, but later in the day modified the order so
as to make the venire returnable January 15, 1895.    The venire
was issued and placed in the hands of the sheriff, but was after-
wards recalled and the order revoked.    On December 22, 1894, the
following order was made:

"State of Minnesota, Polk County—District Court.    It appearing
to me that there is a necessity for an adjourned term of this court
to be held at as early a day in January, 1895, as practicable, for the
trial of civil and criminal cases; and it further appearing that a
grand jury is necessary at said adjourned term to inquire into the
crimes, if any, committed in said county,—therefore it is ordered
that the December, 1894, term of this court be, and the same is, ad-
journed to, and will be held at, the courthouse in the city of Crook-
ston, in the said county, on Tuesday, the 15th day of January, 1895,
at ten o'clock a. m. of that day, at which time the petit jury, and
each and every member thereof, unless duly excused, will appear
and be in attendance on said term.    And it is further ordered that
Nils Muus, clerk of this court, be and hereby is instructed forth-
with to draw a grand jury for said adjourned term in the manner
prescribed by law for drawing jurors, and on or before the first day
of January, 1895, to issue his venire to the sheriff of said county,
directing and commanding him to duly summon such jury to be and
appear before this court, as grand jurors at such adjourned term,
at the time and place before named.    Dated this 22nd day of De-
cember, 1894.    By the Court.    Frank Ives, Judge."

Pursuant to this order, on the same day, the clerk, in the pres-
ence of the sheriff and a justice of the peace, drew from the jury
box the names of 23 grand jurors, in the manner prescribed by
G. S. 1894, § 7175, and on the same day the clerk issued to the sher-
iff a venire commanding him to summon the persons so drawn
to appear before the court at said adjourned term.    Said jurors

were summoned and appeared at said adjourned term, were sworn and charged as a grand jury, and returned the indictment here in question.

1. It is urged by defendants that the court had no power to order this grand jury for this adjourned term. We are of the opinion that the court had such power. G. S. 1894, § 4850, provides for the holding of adjourned terms, and provides that the judge "may direct grand and petit jurors to be drawn and summoned for any adjourned or special term, in the manner prescribed by law."

2. It is further urged that, if the court had power to order the summoning of such special grand jury, it should have been summoned by the sheriff from the body of the county in the manner prescribed by G. S. 1894, § 4852. We are not of that opinion. Section 4852 applies where, "at any term of any district court, there is a deficiency of jurors," or "an entire absence of jurors of the regular panel, whether from an omission to draw or to summon such jurors, or because of a challenge to the panel, or from any other cause." In these cases the court may order a special venire to issue to the sheriff of the county, commanding him to "summon from the county at large    *    *    *    competent persons to serve as jurors." Under this section jurors are not "drawn" at all, but simply "summoned" by the sheriff from the county at large. But under the provisions of G. S. 1894, § 4850, the court may direct grand jurors "to be drawn" and summoned for an adjourned term, which was done in this case.

3. It is further urged that no legal list of grand jurors had ever been prepared or certified to as required by G. S. 1894, § 673, which requires the county commissioners to "make out separate lists" of grand and petit jurors, "which lists shall be certified and signed by the chairman of the board, attested by the clerk, and shall be forthwith delivered to the clerk of the district court." At the head of the list in question it is stated that: "The names were selected by the board of county commissioners of Polk county, at the adjourned annual meeting held on January 29, 1894, to serve as grand and petit jurors, respectively, for the ensuing year. Grand Jurors: [Then follows a list of the names of grand jurors, and the place and election district in which each resides.] Petit Jurors: [Then follows a list of the names of petit jurors, and the place and

election district in which each resides.] Certified as correct: C. U. Webster, County Auditor, by M. Cornelius, Deputy. [Seal of County Auditor.] A. C. Reinhart, Chairman of County Board." It is urged that "separate lists" of grand and petit jurors were not made out as required by the statute. Although the list of grand jurors and the list of petit jurors are both included under one head, and covered by only one certificate, they are certainly separate lists. The statute prescribes no particular form of certificate, and, though somewhat informal, we are of the opinion that the certificate is sufficient. See Kipp v. Dawson, 59 Minn. 82, 60 N. W. 845, and State v. Brill, 58 Minn. 152, 59 N. W. 989.

4. There is nothing in the point that there were but 49 names on the grand jury list when this special grand jury was drawn, the number on said list having been reduced to 49 by the drawing of the grand jury for the regular December term, and the county commissioners not having met after that drawing and before the drawing of such special grand jury for the adjourned term.

5. A former indictment for the same offense was found against the defendants at said adjourned term by the same grand jury. The defendants demurred to that indictment, and on the day set for the argument of the demurrer, but before the argument, the indictment was dismissed on the motion of the county attorney, and the case was resubmitted to the grand jury, who found the indictment here in question. G. S. 1894, §§ 7297–7299, provide that if such a demurrer is sustained the defendant shall be discharged, unless the court directs the case to be resubmitted to the same or another grand jury. It is urged that such dismissal was equivalent to sustaining the demurrer, and that it does not appear that the court ordered the case resubmitted. It is sufficient answer to this to say that it does not appear that the court did not so order, and error will not be presumed. But we are of the opinion that this provision of the statute cannot be extended in this manner. The demurrer was not sustained, and such a dismissal is not equivalent to an order sustaining the demurrer.

6. It is claimed that the indictment here in question was returned on the same evidence on which the former indictment was found; that no other evidence was given before the grand jury,— and it is urged that the grand jury cannot act a second time on the

same evidence, and return a second indictment after the first is dismissed.    The point is not well taken.    The grand jury can, under such circumstances, return a second indictment on the same evidence.    1 Bish. Cr. Proc. § 870.

This disposes of all the questions raised.    We are of the opinion that the court below did not err in denying the motion to set aside the indictment, and the cause is remanded for further proceedings.