WILLIAM BURRIS v. MYRTA COURT.

FILED APRIL 21, 1896.   No. 6514.

1. **Continuance:** REVIEW. An application for a continuance is addressed to the sound discretion of the trial court, and unless it appears that there has been an abuse of such discretion, its ruling will not be disturbed.

2. **Affidavit for Continuance as Testimony of Absent Witnesses:** INSTRUCTIONS. An instruction by which the court only professed to describe, and in fact did accurately describe to the jury the admissions of fact of a party as the same appeared of record, cannot be assailed as erroneous on the alleged ground that the adverse party had a right, in the first place, to an admission of greater scope or conclusiveness than that described as a condition upon which a continuance would be denied such adverse party.

3. ————: ADMISSIONS. An admission of plaintiff that proposed witnesses of defendant, if time applied for should be allowed to procure their evidence, would give certain testimony, is not equivalent to an admission that such proposed testimony is absolutely true and indisputable.

ERROR from the district court of Loup county. Tried below before THOMPSON, J.

*Clements Bros.* and *Coffin & Stone*, for plaintiff in error:

Where defendant is not guilty of negligence or laches and has filed a sufficient affidavit for a continuance on

the ground that his witnesses are absent, he should not be compelled to go to trial because the plaintiff admits that the absent witnesses, if present, would testify as alleged in the affidavit, and it is error to permit the plaintiff to introduce witnesses to contradict the facts thus admitted. (*Nave v. Horton*, 9 Ind., 563; *Murphy v. Murphy*, 31 Mo., 322; *People v. Brown*, 59 Cal., 353; *Baldwin v. Walden*, 30 Ga., 829; *Willis v. People*, 2 Ill., 399; *Supervisors of Fulton County v. Mississippi & W. R. Co.*, 21 Ill., 338; *Brill v. Lord*, 14 Johns. [N. Y.], 341; *People v. Diaz*, 6 Cal., 248; *People v. McCrory*, 41 Cal., 458; *De Warren v. State*, 29 Tex., 464; *Pool v. Devers*, 30 Ala., 672; *State v. Brette*, 6 La. Ann., 653; *People v. Vermilyea*, 7 Cow. [N. Y.], 387.)

*A. M. Robbins, A. S. Moon*, and *C. I. Bragg*, contra.

RYAN, C.

A former judgment in this case was reversed and the cause was remanded to the district court of Loup county for further proceedings. (*Burris v. Court*, 34 Neb., 187.) In the opinion reported, as above indicated, there was a statement of such facts as are essential to a fuller understanding of the questions hereinafter discussed. There was, on a second trial, a verdict of guilty, and the judgment was accordingly rendered which the plaintiff in error seeks to have reversed by these proceedings in error. An application for a continuance was made upon the affidavit of the plaintiff in error, in which were the statements that two material witnesses named were absent from this state, each of whom, if he testified by deposition, would swear that during the period of gestation preceding the birth of Myrta Court's child, he had had sexual intercourse with said Myrta Court. The proceedings with reference to this application are described in the record as follows: "Plaintiff in open court admits that the witnesses Elbridge Mitchell and Colonel Spencer would testify to the facts set forth in the affidavit for a

continuance that are alleged in said affidavit, *i. e.*, Elbridge Mitchell will swear that at several times between the 1st day of August and the 26th day of September, 1889, the period during which the bastard child of plaintiff alleged to have been begotten by this defendant might have been conceived, that he, the said Elbridge Mitchell, had sexual intercourse with said plaintiff. And said Colonel Spencer would swear that on or about the 1st day of September, 1889, he, the said Colonel Spencer, had sexual intercourse with plaintiff, and that said affidavit and the facts therein stated may be read in evidence to the jury. Motion for continuance overruled. Plaintiff excepts." In the draft of the bill of exceptions originally submitted to counsel for the plaintiff in the district court there was no mention whatever of the above affidavit of William Burris. Upon suggestion of such counsel, however, there were interlined in the certificate of allowance of said bill, following a description of other evidence, the words, "and also introduced in evidence the affidavit of William Burris for a continuance; a certified copy of which affidavit is hereto attached." The above quotations disclose all that is to be found in the record or bill of exceptions with reference to the affidavit of Mr. Burris up to the time of instructing the jury, and upon this showing we are urged to hold that the court should have granted a continuance.

In *Stoppert v. Nierle*, 45 Neb., 105, it was said that motions for continuance are addressed to the sound discretion of the trial court, and unless it appears that there has been an abuse of such discretion, its rulings thereon will not be disturbed. The same rule was stated and enforced in *Stratton v. Dole*, 45 Neb., 472, and in *Keens v. Robertson*, 46 Neb., 837. Upon the presentation of the affidavit of Mr. Burris, his adversary offered to admit that the proposed witnesses therein named would swear to the facts which by said affidavit it was alleged they would swear to if an opportunity was given to take their testimony. It is doubtless true that this substitute for

the oral testimony of these witnesses would probably lack the convincing force which an oral narrative would lend to the facts stated; but these witnesses were not in this state, and therefore their personal attendance at this trial could not be compelled. At most, their testimony could, by depositions, be reduced to writing, and, preserved in that manner, it could be read to the jury. It is probable that the statements made in the affidavit of Mr. Burris are as direct as would have been made by the witnesses themselves; at least we are bound to believe this would be the case, for there is no way of testing the probable testimony of these witnesses except as the same is disclosed by the affidavit of Mr. Burris. Without a possibility of this being impaired or destroyed by cross-examination, Mr. Burris stated just what he expected these witnesses would swear to, and his adversary formally admitted that their testimony would be as stated. Having the benefit of these statements as evidence, we cannot see that the court erred in refusing a continuance in order that, in a more formal manner, this same testimony might be obtained and read to the jury.

It is, however, insisted that in respect to this matter the court erred in giving this instruction: "You are instructed that the plaintiff, by admitting the statements contained in the affidavit for a continuance, which were read in evidence before you, simply admits that if said witnesses Elbridge Mitchell and Colonel Spencer were present as witnesses testifying in this case, they would testify as stated in said affidavit, but the plaintiff does not admit that such testimony would be the truth. She has the same right to contradict such admitted testimony as though the witnesses were present and had so testified to the same matter upon the witness stand." In the first part of this instruction the court did not attempt to state a rule of law, but rather to describe what, in fact, the defendant in the district court had offered to admit, and that was that the proposed witnesses, if present, would testify to certain facts, and that such facts might be read

in evidence to the jury. This was a correct statement of the scope of this admission, as shown by the record, and the court committed no error in so describing it. This being true, it is evident that there existed no reason for assuming that these statements were to be deemed more conclusive in their nature than if they had been stated by the witnesses. If the rule contended for by counsel for plaintiff in error is correct, that these statements in the affidavit of proposed evidence must be accepted as absolutely true, it would have been improper to have allowed the plaintiff in the district court to deny them. It is quite possible, and to the mind of the writer it appears very probable, that an intelligent jury would absolutely discredit the voluntary testimony of the nature of that alleged as likely to be given by Elbridge Mitchell and Colonel Spencer, if they had been given an opportunity to testify. Under the rule contended for by the plaintiff in error the instruction should have been that these statements of the affidavit must be accepted as absolutely true, notwithstanding any gross improbability in point of fact, and the depravity or self-stultification of each witness evidenced and illustrated by his own testimony. The jury was not bound to believe these statements merely because embodied in an affidavit; neither thereby did these statements imply absolute verity. They were mere evidence, to be accorded such weight by the jury as, under all the circumstances of the case, they deserved.

The court in an instruction briefly described to the jury the provisions of sections 6, 7, and 8 of chapter 37, Compiled Statutes, in which it is provided how the defendant may be dealt with by the court in case there is a verdict of guilty. This in no manner concerned the jury and the instruction should not have been given, yet we fail to see in what respect the plaintiff in error could have been prejudiced by it. Whether the story of Myrta Court, or its denial by William Burris, was entitled to credence was a question of fact for the jury, and in support of a finding either way there was sufficient evidence to justify the verdict.

No other question was argued in the brief of the plaintiff in error, and we conclude, upon the whole case presented, that the judgment of the district court must be

AFFIRMED.

HARRISON, J., not sitting.