Fanton v. State.

JOHN FANTON v. STATE OF NEBRASKA.

FILED JANUARY 19, 1897.   No. 8498.

1. Criminal Law: CONTINUANCE: ADMISSION AS TO TESTIMONY OF AB-
   SENT WITNESS.  On a motion for continuance being presented in
   a criminal case, if it appears that the witness or witnesses to ob-
   tain the testimony of whom the continuance is sought is or are
   without the jurisdiction of the court, and not within reach of its
   process, and the attorney for the adverse party will admit that the
   witness or witnesses, if present or their depositions taken, would
   testify as stated in the affidavit accompanying the motion for con-
   tinuance, and agree that such statement shall be introduced dur-
   ing the trial, as might be the testimony if taken and offered in
   regular form, the motion may be overruled.  Whether it shall be
   overruled or not is a matter resting within the discretion of the
   trial court, and if no abuse of such discretion is disclosed by the

Fanton v. State.

record the action on the motion will not be disturbed in error proceedings in this court.

2. Larceny: VERDICT AGAINST ACCUSED. The evidence *held* sufficient to sustain the verdict.

3. Jurors. All other questions raised and discussed in the error proceedings to this court fall directly within and are governed by the rules announced in the opinion in the case of *Barney v. State,* 49 Neb., 515, and need not be again discussed at this time.

ERROR to the district court for Holt county. Tried below before WESTOVER, J. *Affirmed.*

*R. R. Dickson,* for plaintiff in error.

*A. S. Churchill, Attorney General,* and *George A. Day, Deputy Attorney General,* for the state.

HARRISON, J.

An information was filed in the district court of Holt county, in which plaintiff in error was charged with the larceny of eighteen head of cattle in said county, the property of one Timothy Cross and of the value of $300. To this information, on being arraigned, the plaintiff in error pleaded not guilty, and as the result of a trial was convicted and sentenced to imprisonment in the penitentiary for a term of eight years. He presents the case to this court for review, alleging in his petition many errors, a number of which are in relation to the action of the trial court in the discharge of a regular panel of jurors and matters incidental thereto, the ordering and summoning special panels of jurors, and overruling certain objections to the same. It was also assigned that the court erred in instructing the jury as follows: "A doubt, to justify an acquittal, must be a reasonable one, and must arise from a candid and impartial investigation of all the evidence in the case. A doubt produced by an undue sensibility in the mind of any juror in view of the consequences of his verdict is not a reasonable doubt, and the juror is not allowed to create sources or materials of doubt by resorting to trivial or fanciful suppositions and

remote conjectures as to possible states of facts differing from those established by the evidence.   You are not at liberty to disbelieve, as jurors, if from all the evidence you believe as men.   Your oath imposes on you no obligation to doubt where no doubt would exist if no oath had been administered.   If, after a careful and impartial examination and consideration of all the evidence in the case, you can say that you feel an abiding conviction of the guilt of the defendant, and are fully satisfied, to a moral certainty, of the truth of the charge made against him, then the jury are satisfied beyond a reasonable doubt."   It was further claimed that the sentence was excessive.   In the case of *Barney v. State*, 49 Neb., 515, the plaintiff in error was informed against in the district court of Holt county and tried on the charge of stealing cattle.   The trial was at the same term of court during which the case at bar was tried.   That case was reviewed in this court and an opinion filed October 22, 1896.   The questions therein presented and decided were identical with the ones involved in this case, which we have hereinbefore generally or specifically designated, and some of them, in regard to jurors, had their origin in the same conditions, facts, and circumstances, and they fall within and are governed by the rules then announced, which we now approve, as follows:

"1. A district judge may, for any lawful cause, discharge a regular panel of the petit jury, and direct the sheriff to call other jurors to take its place.

"2. The fact that the jury was illegally drawn is a sufficient cause for discharging it from service.

"3. The fact that all, or nearly all, jurors upon the regular panel are disqualified from sitting in any case remaining to be tried at the term is a sufficient cause for discharging the panel.

"4. The provisions of section 465*a* of the Criminal Code are not exclusive, but are to be construed in connection with section 664 of the Civil Code.

"5. Therefore, when the causes exist which authorize

the court to order a special venire under section 465*a* of the Criminal Code, the court may, instead of so doing, in its discretion,—the regular panel being disqualified from sitting in other cases during the term,—discharge that panel and direct a new jury to be drawn under the provisions of section 664, Code of Civil Procedure.

"6. A rule of court is an order made by a court having competent jurisdiction, and therefore under section 8, chapter 5, Compiled Statutes, in a district where there are two district judges, the court may, by special order, direct a jury of less than forty-eight to be drawn; such special order being a 'rule' within the meaning of that section.

"9. In a criminal case it is not erroneous to direct the jury that its oath imposes upon it no obligation to doubt where no doubt would have existed if no oath had been administered. *Spies v. People*, 12 N. E. Rep., 865, 17 N. E. Rep., 898, and 122 Ill., 1, followed.

"10. Where no error appears in the record of a criminal case, and the sentence imposed is one warranted by the statute, it will not be reduced by this court because of apparent undue severity. To so reduce it would, in such case, be an act of clemency, and not a judicial review of the trial; and the exercise of such clemency is a power reposed by the constitution in the governor, and not in this court."

It appears that the plaintiff in error was arrested January 28, 1896, was given a preliminary hearing before the county judge of Holt county on February 15, 1896, and was held to appear before the district court, which was then in session, having convened on the 8th day of February, 1896. On the 17th of the same month the information was filed in the trial court. On the 18th the plaintiff in error was arraigned and entered a plea of not guilty. · According to an affidavit accompanying the motion on behalf of plaintiff in error for a continuance, the case was, on the 19th of February, set for trial on the 25th. On the latter day the first motion for a continu-

ance was filed, and on the following day a further show-ing having the same purpose was filed. This motion was presented to the judge then presiding (there being two in the district), and nothing more was done until the case was called for trial, on April 8, by the other judge, who was then on the bench in Holt county, when objections to his hearing the motion were made and overruled. On the succeeding day, April 9, the plaintiff in error was allowed to refile the motion for continuance and all ac-companying papers which had been filed February 25 and 26, and also filed an additional showing. The mo-tion was denied and on April 10 the plaintiff in error was placed on trial. The jury failed to agree and was dis-charged. This last was done April 14, and the case was then set for trial on the 4th day of the following month of May. On the 6th day of May the plaintiff in error, by leave of court, refiled the motion for continuance, with all the affidavits which had been prepared and presented in that connection, and some additional ones. The mo-tion was heard and after an admission by the county attorney, for the state, that the witnesses named in the affidavits filed in support of the motion for a continuance would, if present, testify to the state of facts set forth, and the further agreement that they might be read as evidence in the case, was overruled and the plaintiff in error was again placed on trial, and this time was con-victed. The order overruling the motion for continuance is now the subject of complaint. The affidavits, or such portions of them as contained statements of what might be expected to be proven by absent witnesses, if present, were, during the trial, admitted in evidence. There is no statutory provision in this state governing the subject of continuances of trials of causes, either civil or crimi-nal, pending in a district court. Such applications are, however, entertained, whether they shall be granted or refused resting largely within the discretion of the trial court. A refusal of such an application cannot be error calling for a reversal of the case, unless there appears to

have been an abuse of such discretion. (*Burrell v. State*, 25 Neb., 581.)

The rule that in a civil action an admission that the proposed witness would, if in court, testify as stated in an affidavit filed with a motion for a continuance of the cause, coupled with an agreement that the affidavits be read during the trial as evidence of the absent witness, may be sufficient to do away with the necessity for or right to a continuance and relieve the denial of one, if any error, was announced in *Burris v. Court*, 48 Neb., 179, but has not been settled in a direct criminal proceeding. The witnesses whose evidence was desired in the case at bar were, at the time of the motion for a continuance on the ground of their absence, without the jurisdiction of the court, and were not within the reach of its process; hence there was no denial, in the refusal to grant a continuance, of the constitutional right of one charged with a felony "to have process to compel the attendance of witnesses in his behalf" (Constitution, sec. 11, art. 1), or the statutory one given by section 461 of the Criminal Code, wherein it states that "any person accused of crime amounting to a felony shall have compulsory process to enforce the attendance of witnesses in his behalf;" for such process would have been futile and its issuance void of results. It was a withholding, at most, of the opportunity of obtaining the attendance of witnesses without the process of the court, or to take their depositions, this last being accorded to parties charged with crime by section 462 of the Criminal Code. "A continuance, according to the general practice, may be refused if the adverse party will admit that such witness would testify as is supposed by the party moving for a continuance." (Wharton, Criminal Pleading & Practice [9th ed.], sec. 595, and cases cited in note 3.) The above is the rule at common law where the witness is beyond the jurisdiction of the court. (4 Ency. Pleading & Practice, 865-6, and cases cited in note 2 to last page; also, page 868 and note 1.) In some states the rule

we have quoted, either entire or modified in some par-
ticular, has been embodied in statutory enactments,
which have been made the objects of attack on the ground
of their depriving the accused of the right of compulsory
process for his witnesses, and of equal protection under
the law.   For a case in which such an attack was success-
ful, see *State v. Berkley*, 4 S. W. Rep. [Mo.], 24, but in the
same state it has been said: "The right to compulsory
process for witnesses does not and cannot extend to non-
resident witnesses." (*State v. Pagels*, 4 S. W. Rep. [Mo.],
931; *State v. Butler*, 67 Mo., 59.) Such an enactment
has been approved in Kansas.   It was first a rule of the
supreme court, then enacted by the legislature. (See
*State v. Bartley*, 48 Kan., 421; *Thompson v. State*, 5 Kan.,
159; *State v. Rhea*, 25 Kan., 576.)  Also in Kentucky (*Pace
v. Commonwealth*, 89 Ky., 207; *Atkins v. Commonwealth*, 30
S. W. Rep. [Ky.], 948); in Illinois (*Keating v. People*, 43
N. E. Rep., 724, 160 Ill., 480); in Iowa (*State v. Felter*, 25
Ia., 73). (See, also, *Territory v. Perkins*, 2 Mont., 470;
*McNealley v. State*, 36 Pac. Rep. [Wyo.], 824; *Territory v.
Guthrie*, 2 Ida., 398.)   There are arguments on this ques-
tion, both *pro* and *con*, which are forcible, but it would
serve no useful purpose either to summarize or set them
forth at length.   In this state, after the agreement and
admission is made, as they were in the case at bar, the
allowance or refusal of the continuance is still a matter
within the sound discretion of the trial judge, as he is
conversant with all the facts and circumstances of the
case, and not only such as are disclosed by the affidavits
filed with the application, but the conditions existing at
the time, and what he may determine is the right and
proper disposition of the request must be approved, un-
less an abuse of the discretion vested in him is apparent
from an examination of the record.   Such is not the case
here.   A careful perusal of the record, in so far as it ap-
pertains to the continuance, discloses no abuse of the
discretion of the trial court in overruling the motion
therefor; hence, this assignment is unavailing.

A further assignment is that the verdict was contrary to the evidence and not supported thereby. The main evidence against the accused was given by two of the witnesses, who, by their own confession, were cattle thieves and the accomplices of the plaintiff in error in the crime with which he was charged, and for the alleged commission of which he was on trial, but there were corroborative facts and circumstances. The credibility of these witnesses and the weight to be accorded their testimony were matters for the jury to determine. After a careful examination of the evidence, we do not feel warranted in the conclusion that there was not sufficient thereof to sustain the verdict; hence it will not be disturbed. The judgment of the district court is

AFFIRMED.