## STATE v. K. K. AUSTIN.

December 6, 1898.

Nos. 11,341—(17).

**Criminal Law—Evidence of Another Offense Inadmissible.**

It is a general rule that evidence of a distinct and independent offense cannot be admitted at the trial of a defendant charged with the commission of a crime.

**Sale of Intoxicating Liquor to Minor—Evidence of Another Sale Subsequent to That Charged in Indictment Inadmissible.**

On the trial of this defendant, charged with the offense of selling intoxicating liquor to a minor, it was shown by the prosecution that the sale was made by another person, supposed to be a servant, at defendant's saloon, but in his absence. Against objection made by defendant's counsel, the prosecution was permitted to show that on another occasion, after the sale charged in the indictment, defendant in person had sold intoxicants to minors at said saloon. *Held*, that the evidence was inadmissible under the general rule, and that it did not tend to prove that defendant had permitted or authorized sales to minors by his servant, because it was not shown that, when making the sale to minors himself, defendant had knowledge of the minority of such persons.

Defendant was convicted of selling intoxicating liquor to a minor. From a judgment of the district court for Polk county, Ives, J., sentencing defendant to pay a fine of $25, and costs, he appealed. Reversed.

*H. Steenerson*, for appellant.

*H. W. Childs* and *George B. Edgerton*, for respondent.

COLLINS, J.

Defendant was indicted and convicted of the offense of selling intoxicating liquor to a minor, a boy of 17 years of age.

At the trial it was clearly established that the sale was made

in defendant's saloon, he not being present, by a man named Haroldson, who was behind the bar. The defendant testified that Haroldson was not in his employ, and had no authority to make any sale in his behalf. He also testified that he had two barkeepers at the time of the alleged offense, Anton Morberg and John Austin; that both had been given positive instructions not to sell to minors under any circumstances; and that, so far as he knew, these instructions had been obeyed. He further testified that personally he had never sold liquor in his saloon to minors. Witnesses were then called, who testified that, after the time of the sale mentioned in the indictment,—specifying the day of the sale and the persons to whom sold,—they had seen the defendant sell, in person, to minors. To this class of evidence the defendant's counsel duly excepted, and then moved to strike it out, which motion was denied.

It was error for the court to receive the evidence. If it was introduced for the purpose of impeaching the defendant, who had denied making such sales, it was clearly inadmissible, for the state had no right, for the purpose of discrediting defendant, to ask questions which were immaterial to the issue, and which would tend to prove against defendant an offense distinct from that charged in the indictment. Hoberg v. State, 3 Minn. 181 (262). And, if the evidence was introduced for the purpose of showing that defendant permitted or authorized sales to minors by his barkeepers, it was inadmissible, because it failed to show such permission or authority.

It is a general rule that evidence of a distinct and independent offense cannot be admitted on the trial of a defendant charged with a criminal offense. To admit evidence of another criminal act would be to oppress a defendant by trying him for an offense of which he has had no notice, and for which he is unprepared, and, frequently, to prejudice him in the eyes of the jury. There are well-known exceptions to this rule, but the evidence now under consideration does not bring the case within any of the exceptions.

The evidence tended to prove that defendant had personally sold liquors to minors, but no effort was made to show that he knew

that the persons to whom the sales were made were minors. While knowledge or want or knowledge on this point would be of no consequence, under our statute, if defendant was being prosecuted for making these particular and personal sales, it is of importance when attempting to make defendant responsible for the acts of his servants, solely upon the ground that he permitted or authorized such sales.

Permission or authority conferred upon his servants to make an unlawful and forbidden sale would not be established by evidence of sales to minors by defendant himself, without going further, and proving that he knew such persons to be minors. It could not be shown that defendant had permitted and authorized the commission of an unlawful act by his bartenders by simply proving that he had personally performed a like act. It was incumbent upon the state to show, in addition, that defendant had knowledge, at the time he made the sales, that the purchasers were minors, and, for that reason, knew that he was committing an unlawful act.

Judgment reversed.