## STATE v. SEVERIN LUNDGREN.[1]

December 26, 1913.

Nos. 18,425—(4).

**Jury panel — challenge.**

    1. The discharge of the whole or part of a jury panel, and the summoning of a new one, rests in the sound discretion of the trial court. The fact that

[1] Reported in 144 N. W. 752.

---

Note.—The question of criminal liability for violation of liquor law by partner, servant, agent, etc., is treated in notes in 41 L.R.A. 660; 16 L.R.A. (N.S.) 786; 20 L.R.A. (N.S.) 321; and 33 L.R.A. (N.S.) 419.

special veniremen were summoned from only seven, out of 36, towns, cities and villages in the county, and that eight were summoned from one village and others from points near to it, is not ground for challenge to the panel, no bad faith, fraud or oppression being established, and it not appearing that the persons selected were not as a class fair-minded jurors.

**Intoxicating liquor — sale to minor.**

2. To render a sale of liquor to a minor unlawful, it is not necessary that notice forbidding such sale should previously have been given.

**Same — proprietor liable for act of barkeeper.**

3. The act of the barkeeper in selling liquor to a minor is the act of the proprietor; the proprietor must pay the penalty for such sales made by his barkeeper; the delinquency of the barkeeper is the only evidence required to prove the guilt of the proprietor. The fact that the sale was made without the knowledge or assent of the proprietor, and contrary to his instructions, furnishes no defense.

Defendant was indicted by the grand jury of Clay county for the offense of selling intoxicating liquors to a minor, tried and convicted in the district court for that county before Nye, J., and a jury, and sentenced to pay a fine of $100 and costs of prosecution, and stand committed to the county jail until the fine was paid, for a period not exceeding 90 days. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*J. M. Witherow, N. I. Johnson* and *Charles S. Marden,* for appellant.

*Lyndon A. Smith,* Attorney General, and *C. G. Dosland,* County Attorney, for respondent.

HALLAM, J.

Defendant was convicted of the crime of selling liquor to a minor. He raises three questions:

(1) He contends he did not have a fair trial, on the ground that the court discharged part of the regular panel of jurors; that the court issued a special venire directed to the coroner instead of to the sheriff; and that the coroner summoned jurors who were prejudiced against him and not from the county at large, but from one particular locality.

(2) He contends that it is no offense for any person to sell liquor to a minor unless he has been notified not to do so.

(3) He contends that he could be convicted only upon proof of sales made, authorized or approved by him. The sale upon which defendant's conviction is based was made by his bartender, without defendant's knowledge or authority and contrary to his instructions.

1. At the May, 1913, term of the district court of Clay county, a large number of indictments were returned against liquor dealers of Moorhead, charging them with unlawful sale of liquor to minors. The term commenced the first Monday in May. On May 29, after one liquor case had been tried and a jury drawn in a second, the court stated: "It appears here from the character of the litigation, especially criminal cases that are being tried, and that will be tried hereafter in [this] term, that already a large number of the jurors serving at this time are more or less acquainted necessarily with the facts connected with the cases   *   *   *   and that it will be more difficult as each case is called to secure out of this panel which is now serving, men who are qualified to act, because of their knowledge of the cases that are being tried, and it appears clearly that men who are serving on the regular panel in this way necessarily gathered a good deal of information, can't help to as to the evidence in these cases as they come up, and Therefore it is Ordered, That all jurors not serving on the present case   *   *   *   (State v. Toole) will be discharged from further attendance at this term   *   *   *   . There will be a special venire as soon as conveniently can be." Thereupon the county attorney filed an affidavit of prejudice against the sheriff, under G. S. 1913, § 993, and a special venire issued to the coroner, and that officer summoned 20 jurors. The jurors sitting in the Toole case, being eight of the regular panel and four summoned under a previous special venire, continued to serve until defendant's case was called, and some of them were called to the jury box upon his trial. Defendant, when his case was called, challenged the panel of petit jurors. The challenge was denied by the state and was found not true by the court.

Defendant urges that the course pursued by the court was error, and that he was not accorded a fair trial. We cannot so hold.

It is true, there is no express statutory authority for the dismissal of either the whole or part of the regular panel. But we are of the opinion that this was in the sound discretion of the court. Barney v. State, 49 Neb. 515, 68 N. W. 636; Fanton v. State, 50 Neb. 351, 69 N. W. 953, 36 L.R.A. 158; Simmons v. Cunningham, 4 Idaho, 426, 39 Pac. 1109. See State v. Strait, 94 Minn. 384, 102 N. W. 913; State v. Peterson, 61 Minn. 73, 63 N. W. 171, 28 L.R.A. 324. The powers of a trial court during the progress of a term of court cannot be too much circumscribed. Rules of practice and procedure must have some elasticity. The administration of the law is a practical matter, and much must be left to the wisdom and judgment of the presiding judge. No one can doubt that under certain circumstances the discharge of a whole jury panel and the summoning of a new one may be in the interest of a proper administration of justice. We are not prepared to say that this was not such a case.

This action of the court caused a deficiency of jurors. In case of a deficiency of jurors from any cause, the court is authorized by statute to supply the deficiency by ordering a special venire to issue to the sheriff, or, in the event of his disqualification, to the coroner, commanding him to summon a specified number of jurors "from the county at large." G. S. 1913, §§ 166, 993. The court proceeded to supply the deficiency of jurors in the manner prescribed by statute.

Complaint is made that the coroner did not select these jurors "from the county at large." The jurors summoned were from seven towns, cities and villages out of a total of 36 in the county. Eight of the 20 were selected from the village of Hawley, and two others within a mile thereof. We should have been better satisfied had the coroner made his selection over a wider area, yet we cannot say that this was ground for challenge to the panel. We are of the opinion that no bad faith or fraud or oppression was established. It is not always practicable to select a special panel from every corner of the county, and this is not required. State v. Arthur, 39 Iowa, 631. Those selected were for the most part from localities remote from Moorhead, the seat of this litigation, and might be expected to be more free from local prejudice than jurors summoned from

nearer points. After all, the important consideration is the selection of men who are in fact fair-minded jurors. We find no just basis for the charge that the jurors selected by the coroner were not, as a class, fair jurors. The court tried out all these questions as questions of fact on the challenge to the panel. G. S. 1913, § 9227. The challenge was "found not true," and we must hold that the record sustains this finding.

It is claimed that individual jurors summoned were prejudiced. If this be true, it is no ground for a challenge to the panel. This objection must be reached by challenge of individual jurors for bias. Challenge to the panel "can be founded only on a material departure from the forms prescribed by law in respect to the drawing and return of the jury." G. S. 1913, § 9225.

Complaint is made that the court retained part of the original panel in service. Those retained were at the time serving upon a case. We cannot regard this as error.

2. The second contention is that, under the statutes of this state in force when this offense was committed, the sale of liquor to a minor was not unlawful unless notice forbidding it has previously been given to the person making the sale. The statute reads as follows:

"It shall be unlawful for any person, except a licensed pharmacist * * * to sell * * * any spirituous, vinous, malt or fermented liquors * * * to any minor person, or to any pupil or student of any school or other educational institution in this state, or to any intoxicated .person, or to any person of Indian blood, or to any habitual drunkard, or to any public prostitute, or to a spendthrift or an improvident person, within one year after written notice by any peace officer, parent, guardian, master, employer, relative, or by any person annoyed or injured by the intoxication of such spendthrift or improvident person, forbidding the sale of liquor to any such spendthrift or improvident person." Chapter 83, p. 102, Laws 1911.

Defendant contends that the last clause making written notice "within one year" an element of the offense, applies to each and all of the prohibitions that precede it, and that it is no offense to sell to persons in any of the prohibited classes unless such notice has pre-

viously been given. We cannot so construe the statute. We think it manifest that the provision as to "notice" applies only to sales to a "spendthrift or improvident person." The notice is given by "any peace officer, parent, guardian, master, employer, relative, or by any person annoyed or injured by the intoxication of such spendthrift or improvident person forbidding the sale of liquor to any such spendthrift or improvident person." Clearly the whole of this qualifying language is to be taken together, and, if taken altogether, it is clear that the notice mentioned is a notice "forbidding the sale of liquor to any such spendthrift or improvident person," and none other. There are reasons which doubtless appealed to the legislature for making this distinction in the case of a "spendthrift or improvident person" which do not apply to the other classes mentioned. The quality of improvidence is not so easily defined or distinguished that men will ordinarily be charged with knowledge of it, unless it is brought to their attention. On the other hand, it is plain that if the requirement as to notice is applied to other members of the prohibited class, such as minors, Indians, and intoxicated persons, the prohibitions of the law would be of little practical effect.

3. Defendant's next contention challenges certain instructions given by the court to the jury, and raises the question whether defendant could be convicted upon evidence of a sale made by his bartender, without defendant's knowledge or consent, and contrary to his orders. The statute provides as follows:

"Any sale of liquor in or from any public drinking place by any clerk, barkeeper, or other employee authorized to sell liquor in such place shall be deemed the act of the employer as well as that of the person actually making the sale; and every such employer shall be liable to all the penalties provided by law for such sale, equally with the person actually making the same." R. L. 1905, § 1565; G. S. 1913, § 3191.

This language plainly means that the act of the barkeeper is the act of the proprietor; that the proprietor must pay the penalty for sales made by his barkeeper in violation of the law, and that the delinquency of the barkeeper is the only evidence required to prove the guilt of the proprietor. The fact that the sale was made without

the knowledge or assent of the proprietor and contrary to his general instructions furnishes no defense. The language of the statute is susceptible of no other construction. The offense is one of the class where proof of criminal intent is not essential. The statute makes the act an offense, and imposes a penalty for violation of the law, irrespective of knowledge or intent. State v. Heck, 23 Minn. 549; State v. Edwards, 94 Minn. 225, 102 N. W. 697, 69 L.R.A. 667; State v. Quackenbush, 98 Minn. 515, 108 N. W. 953; State v. Sharp, 121 Minn. 381, 141 N. W. 526.

The statute is drastic in its terms, but the legislature was doubtless of the opinion that drastic measures are required to accomplish the purpose of enforcement of laws regulating the sale of intoxicating liquors. The law was in existence when the offense was committed. It was a notice to every man choosing to follow this line of business that he must control his own business and the men he employs in it, and that he is bound under penalty of the law to employ only men who will not commit crime in his name.

It is contended that the act is unconstitutional as special legislation, under section 33, article 4, of the Constitution, which provides that "in all cases when a general law can be made applicable no special law shall be enacted." We cannot so hold. This is a general law. To hold otherwise, would be to declare invalid all laws relating to the sale of intoxicating liquors.

Statutes such as this are common in other states, and have been generally sustained. Black, Intox. Liquors, § 370; 23 Cyc. 208; Robinson & Warren v. State, 38 Ark. 641; Loeb v. State, 75 Ga. 258; McCutcheon v. The People, 69 Ill. 601; Noecker v. The People, 91 Ill. 494; State v. McConnell, 90 Iowa, 197, 57 N. W. 707; People v. Longwell, 120 Mich. 311, 79 N. W. 484; State v. McGinnis, 38 Mo. App. 15; State v. Grant, 20 S. D. 164, 105 N. W. 97, 11 Ann. Cas. 1017; State v. Gilmore, 80 Vt. 514, 68 Atl. 658, 16 L.R.A. (N.S.) 786, 13 Ann. Cas. 321; State v. Denoon, 31 W. Va. 122, 5 S. E. 315.

This case is clearly distinguishable from State v. Mahoney, 23 Minn. 181; State v. Mueller, 38 Minn. 497, 38 N. W. 691; State v. Austin, 74 Minn. 463, 77 N. W. 301. The statute considered by

the court in those cases did not make the act of the employee the act of the employer, and did not purport to impose penalties upon the employer for the delinquences of the employee. State v. Nugent, 108 Minn. 267, 121 N. W. 898, arose under the statute now before us, but the question of sale by a barkeeper without authority was not involved.

Order affirmed.