STATE OF MINNESOTA *vs.* NELS O. HOLONG.

April 30, 1888.

Murder—Sufficiency of Indictment—Statutory Form.—An indictment for murder in the first degree may allege the killing to have been done "with the premeditated design to effect the death," the words used in the statute in defining the offence, instead of "with malice aforethought," the words used in the form for an indictment for murder given in the statute.

Same—Execution of Death-Sentence.—The Criminal Code does not repeal the provisions of Gen. St. 1878, c. 118, § 3, to the effect that sentence of death shall not be executed until the issuance of a warrant by the governor directing the sheriff to execute the sentence.

The defendant was tried and convicted, in the district court for Otter Tail county, *Baxter*, J., presiding, on an indictment for murder in the first degree, and was sentenced to death. He appealed to this court, and on April 10, 1888, moved for stay of execution. An order denying the motion was entered April 11, 1888, and afterwards the following opinion was filed.

*H. E. Day, Thomas Canty,* and *P. O. Noben,* for the motion.
*M. E. Clapp,* Attorney General, against the motion.

GILFILLAN, C. J.[1]  The defendant was convicted, in Otter Tail county, of the crime of murder in the first degree, and in November last was sentenced to be confined in the common jail of Otter Tail county for the period of 90 days, and thereafter, at a time and place fixed by the governor, to be hanged.  At the expiration of the 90 days the governor issued his warrant, directing the sheriff of the county to cause execution of the sentence to be done on defendant on Friday, the 13th day of April inst.  On the 4th day of April inst. the defendant appealed from the judgment to this court, and now moves the court for a stay of execution pending the appeal.  On the motion his counsel states the grounds on which the appeal is taken, which are that the indictment is insufficient to justify a conviction for murder in the first degree; that the statute which authorized the governor, in capital cases, to cause execution to be done by issuing his warrant for that purpose, has been repealed by the Criminal Code. If we entertained any doubt on either of these propositions, we would not hesitate, in so grave a case, to stay execution until they could be fully and formally argued and determined in this court.  But the propositions are entirely groundless.

The objection to the indictment is that, instead of alleging the killing to have been done "with malice aforethought," the words used in the form given for an indictment for murder in Gen. St. 1878, c. 108, § 2, it alleges the killing to have been done "with the premeditated design to effect the death," the words used in the Criminal Code, § 152, in describing the crime of murder in the first degree.  It has been frequently held in this court that, where the statute gives a form for an indictment, that form may be followed.  It has also been decided that a charge in the indictment may be made in the words of the statute defining the offence, "when, by using those words, the act in which an offence consists is fully, directly, and expressly alleged, without any uncertainty or ambiguity."  *State* v. *Comfort*, 22 Minn. 271.  In that case, it is true, no form was given in the statute.  It is claimed, however, that in the case of a common-law offence the statutory form of an indictment, if there be one, must be followed,

---

[1] Mitchell, J., being absent, took no part in this decision.

or the form of indictment at common law used. The statute (Gen. St. 1878, c. 108, § 1,) provides that the indictment shall contain— "*Second,* a statement of the acts constituting the offence, in ordinary and concise language, without repetition." Section 2, c. 108: "It may be in the following form." Section 9, c. 108: "Words used in the statutes to define a public offence need not be strictly pursued in the indictment; but other words, conveying the same meaning, may be used." Section 11, c. 108: "No indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Those quotations show the intent of the legislature to free criminal pleadings from the technical rules (many of them senseless) which had grown up on the subject. As said by Mr. Justice Flandrau in *Bonfanti* v. *State,* 2 Minn. 99, 107, (123, 131,) "It is the duty of the courts to lend their aid to this result." If an indictment state fully, directly, and clearly acts which the law declares to constitute an offence, it ought not, and the legislature intended that it should not, matter in what form of words the acts are alleged. The words "with the premeditated design to effect death" are certainly equivalent to "malice aforethought." They contain even more than is necessarily included in the latter words, as used and understood in criminal prosecutions at the common law. The criminal character of the act is, to say the least, as strongly stated in the words used in this indictment as in those in the form given in the statute. At any rate, they are the words used in the statute in defining the offence, and mean as much in the indictment as in the statute, and in either they describe the offence.

Gen. St. 1878, c. 118, § 3, provides, upon a conviction for a capital offence and sentence of death: "And the sentence of death shall not be executed upon such convict until a warrant is issued by the governor under the seal of the state, with a copy of the record thereto annexed, commanding the sheriff to cause the execution to be done," etc. The Criminal Code repeals certain chapters of the General Statutes, (not including either chapters 108 or 118,) so far as they define any crime, or impose any punishment for crime, and all acts and parts

of acts which are inconsistent with its provisions. There is nothing in the Code inconsistent with the provisions quoted from section 3, chapter 118; and it is not claimed that there is. There is a somewhat similar provision to that in section 3, chapter 118, contained in one of the chapters specified in the repealing clause; but as the provision neither defines a crime nor imposes a punishment, it may be doubted if even in that chapter it is repealed. But, at any rate, the wholesale repeal of that chapter could not reach over into and repeal provisions of other chapters.

Motion denied.