ALBERT DALLEMAND *et al. vs.* EDWIN M. JANNEY *et al.*

Argued Nov. 18, 1892. Decided Dec. 8, 1892.

**Exception not Sufficiently Specific.**

The court charged, in substance, that, if the jury should find that any of the witnesses had sworn falsely upon any material fact in the case, their testimony might be disregarded, unless they were corroborated by other reliable witnesses. A general exception was taken to this statement. *Held,* that it was not sufficiently explicit and pointed to call the attention of the court to the fact that it had omitted to state that before the testimony could be rejected the jury must find that the witness had *knowingly* or *willfully* sworn falsely.

Other assignments of error, of no general importance, considered and disposed of.

Appeal by plaintiffs Albert Dallemand and others from a judgment of the District Court of Hennepin County, *Hooker,* J., entered May 27, 1892.

Action against the defendants Peter P. Swenson, sheriff of Hennepin county, and Edwin M. Janney and others, to recover the value of a stock of wines and liquors and $8.80 in money, seized by the sheriff on a writ of execution. Janney and others recovered judgment against D. A. Allen and others, and caused this writ to be issued thereon. The sheriff seized the wines and liquors and money on the writ, as the property of Allen. The plaintiffs appeared and claimed the property and money, and asserted that Allen was their agent, and had possession of it as such. They brought this action to recover damages for its conversion. The issues were tried October 9, 1891. Plaintiffs' sixth request to charge the jury was this:

"6th. A person who has an interest in the profits arising from the sale of property has no interest in that property which is subject to levy."

The jury found a verdict for the defendants. The plaintiffs moved for a new trial. The second ground of the motion was that the verdict was not justified by the evidence and was contrary to law.

*Rea & Hubachek,* for appellants.

The court, upon defendants' request, charged the jury: "If you find as a fact that any of the witnesses have sworn falsely upon any material fact, not corroborated by other evidence, then you have the right to disregard their testimony, unless that testimony has been corroborated by other reliable testimony." This charge was erroneous in that it did not show that the falsity must have been known to the witness. *Schuek* v. *Hagar,* 24 Minn. 339; *State* v. *McCartey,* 17 Minn. 76, (Gil. 54.)

The sixth request is a statement of law which has often been approved by this court, and was a vital point in this case, and should have been given. *Vose* v. *Stickney,* 8 Minn. 75, (Gil. 51;) *Benz* v. *Geissell,* 24 Minn. 169; *Hankey* v. *Becht,* 25 Minn. 212.

The verdict was not justified by the evidence, and is contrary to law.

*George R. Robinson,* for respondents.

COLLINS, J. Action for the conversion of certain wines and a small sum of money. One of the defendants was the sheriff of Hennepin

county, and justified under an execution issued upon a judgment duly rendered in favor of the defendants Janney against one Allen, alleged to be the owner of the property in question. The assignments of error are directed to certain rulings of the trial court when receiving the testimony, to its refusal to charge as requested by plaintiffs' counsel, to portions of the charge as given, and to the sufficiency of the evidence to support the verdict. The plaintiffs were wholesale dealers in wines and liquors at Chicago, while Allen, the judgment debtor, kept a saloon in Minneapolis. The seizure was made at the saloon, the wines being in stock, and the money in the cash register. The plaintiffs claimed that Allen held his entire stock of wines and liquors solely as their consignee, and there was introduced in evidence a written agreement for the consignment of these goods by them to Allen, and the original invoices and bills of lading, for the purpose of sustaining their claim, the truthfulness of which was for the jury, and was passed upon adversely to the claimants.

1. The measure of damages, if plaintiffs recovered, was the value of the articles seized, with interest from the day of the seizure. That the defendants had previously been informed of plaintiffs' claim of ownership would not entitle the latter to exemplary damages on the ground that the levy was wantonly and maliciously made.

2. Unless creditors are to be held concluded by a written agreement of the character of that entered into by plaintiffs and Allen, it was perfectly proper for the defendants to show that Allen applied for and procured a license to retail liquors in his own name, and also his declarations as found in the application. The property claimed by plaintiffs was in his possession. He was treating it as if it were his own, selling it out over the bar; all of which was with the plaintiffs' knowledge and approval. His and their acts in regard to these matters were all competent, as tending to show the real nature of the transaction. Although the chattel mortgage may have been introduced in evidence for another purpose, it was of this same kind of proof, for it tended to enlighten the jury as to the actual relations between plaintiffs and Allen.

3. The plaintiffs' counsel presented several requests to charge, all of which were refused by the court. As abstract propositions, some of

them were correct, and might well have been given; but, instead, the court used, and was justified in using, its own language to convey the same idea. One or two had no relevancy; for instance, the sixth. That was irrelevant, and had no proper place in the charge, because the defendants' contention was that Allen was the absolute owner of the property, not that, because he had an interest in the profits of a sale, the property could be levied on as his own.

4. When nearly through with the charge the court was interrupted by defendants' counsel with a verbal request that the jury be informed as to its right to disregard the testimony of any witness who had "sworn falsely" in the case. Thereupon, evidently bearing in mind the language of the counsel, the court charged, in substance, that, if it was found that any of the witnesses had sworn falsely upon any material fact in the case, their testimony might be disregarded, unless they were corroborated by other reliable witnesses. It is argued by plaintiffs' counsel that the court should have distinguished between unintentional misstatements by witnesses and deliberate falsehood, by stating that it must first be found that a witness had *knowingly* sworn falsely, before his testimony could be rejected. There may have been a verbal inaccuracy or omission in the statement, but the attention of the court was not at all called to it by a general exception to the entire paragraph. Technically, the counsel may be right in his criticism, but there is so little difference in ordinary discourse and use of words between the terms "false swearing" and "false swearing knowingly or willfully," that we are of the opinion that the exception should have been more explicit and to the point. We have no doubt but that the correction would have been made instantly had it been suggested. By the general exception the attention of the court was directed solely to the proposition as a whole, and not to the exact accuracy of every part.

5. While the testimony on which defendants rely to sustain their verdict was not very persuasive, we think the court below was warranted in refusing to grant a new trial on the second ground of the motion. There were facts and circumstances shown upon the trial fairly tending to impeach the plaintiffs' claim that Allen held the

property under a contract of bailment, and had no other right or interest.

6. We have not overlooked other assignments of error, but they need not be specially referred to. None are meritorious.

Order affirmed.

(Opinion published 53 N. W. Rep. 803.)