STATE OF MINNESOTA v. HARRY T. HAYWARD.[1]

July 11, 1895.

No. 9592.

**Capital Case—Appeal—Stay of Execution.**

When an appeal involves human life, a stay of execution should be granted until the appeal can be heard and determined, if the court has a reasonable doubt whether or not some of the assignments of error have merit.

Defendant was convicted March 8, 1895, in the district court for Hennepin county, of murder in the first degree, and March 11, 1895, was sentenced to be confined in the county jail and after three months, at a time to be fixed by the governor of the state and designated in his warrant, to be hanged. A bill of exceptions was settled, allowed and filed March 30, 1895, and thereafter defendant made a motion to set aside the verdict and judgment and for a new trial, which was denied by the court, Smith, J., on April 20, 1895. On May 20, 1895, the governor issued his warrant and set June 21, 1895, as the time for execution. On June 19, 1895, defendant filed in the supreme court a certified copy of his notice of appeal from the order denying his motion for a new trial, and of proof of service of such notice on June 17, 1895, and also filed application for a stay of execution of sentence until his appeal could be heard, together with the affidavit of his attorney setting forth the above facts and stating the errors which would be assigned. The return was not filed.

An order was made June 19, 1895, granting a stay for 30 days for the purpose of examining the record and determining the propriety of granting the application. To this order Canty, J., filed the following protest: "I protest against the granting of a stay of proceedings in this case. On March 8, 1895, the defendant was by the verdict of the jury found guilty of murder in the first degree. On March 11 he was sentenced to be hung. On March 30, the bill of exceptions was duly filed, and on April 20 the court below denied a

motion for a new trial. On May 20 the governor set as the time of execution June 21, 1895. The defendant has just taken his appeal, and, without filing any return, comes to this court for a stay of proceedings. When some copy of the record is asked for by this court, he dumps upon us over 400 pages of what purports to be an office copy of this record, and, without pointing out any specific page, folio or paragraph on which it is claimed that error can be found, leaves us to wade through all this undigested mass to ascertain whether it contains any error, and we are to commence this task on the afternoon of this day with only one day intervening between this and the morning set for the execution. The defense has had several months in which to apply to the court for a stay of proceedings, but has waited until the last minute. This court should not allow itself to be forced in this manner into granting a stay of proceedings without any regard to the merits of the case."

On July 11, 1895, the court made an order staying execution until a hearing and determination of the appeal could be had at the next general term.

*W. W. Erwin* and *Walter A. Shumaker*, for appellant.

*H. W. Childs*, Attorney General, for the State.

PER CURIAM. The defendant was convicted in the district court in and for the county of Hennepin, on March 8, 1895, of the crime of murder in the first degree, and on March 11, 1895, such court adjudged that after the lapse of three months, and at a time to be fixed by the governor of the state, the defendant be taken to the place of execution, and there hanged. A motion to set aside this judgment and for a new trial was made on behalf of the defendant, and denied by the court on April 20, 1895. From such order he appealed to this court. On June 19, 1895, he moved this court for a stay of execution of the sentence until such time as his appeal can be heard and determined by this court.

The right to a stay, even in a capital case, is not coincident with the right of appeal. It is not a matter of absolute right, and the courts may refuse it, if satisfied, on inspection of the record, that there is no merit in the appeal. In the case where the appeal involves a human life, unless we are free from reasonable doubt upon all of the errors assigned, we ought not to pass on them before they

are fully and formally argued upon the hearing of the appeal.    State v. Holong, 38 Minn. 368, 37 N. W. 587.    We have examined the defendant's assignments of errors, and, while we entertain no reasonable doubt that many of them are without merit, yet, as to some of them, we have such doubt.    We are not to be understood as intimating any opinion as to the alleged errors upon which we have doubts, for the only opinion we have formed in the premises is that they come within the rule stated. and that we ought not to pass upon them before they are fully and formally argued upon the hearing of the appeal.

Motion must be granted.    So ordered.