### STATE OF MINNESOTA v. HENRY HENDERSON.

April 26, 1898.

Nos. 11,032—(16).

**Bastard—Witness—False Testimony—Instruction to Jury.**
> The trial court instructed the jury: "If you have reason to believe that any one of the witnesses who have testified here has testified falsely, you have a right to discredit his testimony entirely." *Held* reversible error.

Defendant appealed from a judgment entered in the district court for Norman county, pursuant to a verdict finding the defendant guilty, and to the findings and order of Ives, J., adjudging the defendant to be the father of a bastard child and chargeable with its support.

*W. W. Calkins, N. T. Moen* and *O. Mosness*, for appellant.

*R. J. Montague*, for respondent.

START, C. J.

This is an appeal by the defendant from the judgment of the district court of Norman county adjudging him to be the father of a bastard child and charging him with its support.

The evidence was ample to sustain the verdict of guilty, and the only errors assigned relate to alleged errors in the instructions given to the jury. The jury were instructed as follows:

"If you have reason to believe that any one of the witnesses who have testified here has testified falsely, you have a right to discredit his testimony entirely; and if you believe a part of his testi-

mony is true and a part is false, you have a right to credit that portion you believe is true and discredit that portion you believe to be false."

The exception was in these words:

"Defendant excepts to that part of the court's charge which substantially charges that if any witness has testified falsely to any matter his entire evidence may be disregarded."

This instruction was error. The maxim "Falsus in uno, falsus in omnibus," applies only to cases where the false testimony relates to a material matter and is knowingly and wilfully given. It does not apply to testimony given by mistake or inadvertence, or to immaterial testimony, or to such testimony as may have been corroborated by other credible evidence. 2 Thompson, Trials, §§ 2423–2425. The instruction as given did not so limit the application of the maxim. The true rule is that, if the jury believe from the evidence that any witness has knowingly and wilfully testified falsely to any material fact in the case, they may disregard his entire testimony, except so far as it is corroborated by other credible evidence. The credibility of such a witness is a matter for the jury. They may believe or disbelieve his testimony as to other facts according as they deem it worthy or unworthy of belief. Schuek v. Hagar, 24 Minn. 339.

Counsel for respondent practically concedes that the instruction was erroneous, but claims on the authority of Dallemand v. Janney, 51 Minn. 514, 53 N. W. 803, that the exception was too general, in that it did not call the attention of the court to the fact that material qualifications were omitted from the instruction as given.

The distinction between the case cited and this case is obvious. In the former case the application of the maxim was expressly limited to testimony as to material facts, the substance of the charge being that, if it was found that any witness had sworn falsely as to any material fact in the case, his testimony might be disregarded unless corroborated by reliable evidence. The only vice in this instruction claimed was the failure to qualify the phrase "sworn falsely" by the words "knowingly or wilfully." The word "falsely," when used with reference to the testimony of a

witness, ordinarily means something more than that the testimony is untrue, and implies that it is intentionally untrue, but the word is also sometimes used in the sense of mistakenly or erroneously. Hence the instruction, in the case relied on, was indefinite, and liable to mislead, and it was correctly held that the attention of the court should have been called to the specific ground of the exception.

But the instruction in the case at bar was not simply indefinite; it was fundamentally erroneous. It declared in effect, as a matter of law, that the entire testimony of a witness, whether corroborated by reliable evidence or not, might be discredited by the jury if they had reason to believe, from the evidence or otherwise, that he had testified falsely to any fact, material or immaterial. The exception to the instruction was sufficient. Respondent further claims that the error was not prejudicial to the defendant. The record does not justify this claim. The error was naturally calculated to prejudice the defendant, and the presumption that it did is not clearly rebutted by the record.

Judgment reversed and new trial granted.