STATE v. OLE H. LEWIS.[1]

May 9, 1902.

Nos. 12,959—(15).

**Sale of Intoxicating Liquor.**

Certain rulings of the court upon the admissibility of evidence, and certain statements of the court made when instructing the jury, considered, and found not to constitute prejudicial error.

Appeal by defendant from an order of the district court for Yellow Medicine county, Qvale, J., denying a motion for a new trial, after a trial and conviction of the crime of selling intoxicating liquor without a license. Affirmed.

[1] Reported in 90 N. W. 318.

*T. J. McElligott*, for appellant.

*W. B. Douglas*, Attorney General, and *C. W. Somerby*, Assistant Attorney General, for the State.

LEWIS, J.

Appellant was convicted of the crime of selling intoxicating liquor without a license. The assignments of error necessary to notice called into question the ruling of the court as to the admissibility of certain evidence, and certain instructions to the jury.

Respondent was a drug-store keeper at the village of Clarkfield, and had exclusive charge of the purchasing of supplies, merchandise, and liquors, and of the hiring and discharging of employees. In connection with the store, he also had charge of the village post office, and therefore did not give all of his time to the retailing of goods in the drug department. The state produced as a witness one Storley, who was a clerk in the drug store at the time charged, and who, it was claimed, made the sale. He was asked this question: "Did you not sell large quantities of whisky?" Defendant objected to this interrogation until the witness had been informed of his right to refuse to testify, and as incompetent, irrelevant, and immaterial to the case, tending to prejudice the minds of the jury toward the defendant, and as too indefinite. The objection was overruled, and the witness answered that he had sold some. He was then asked whether the whisky was a part of the drug stock. If the objection was made upon the ground that the testimony tended to convict defendant of another separate and independent crime, that objection should have been specified. As made, it was too indefinite for that purpose. As bearing upon the offense charged in the indictment,—a specific sale,—it was competent for the state to prove, in a general way, that liquor was kept in the store in large quantities, and that large amounts were sold. This did not tend to convict the defendant of any other offense than that charged, even had that objection been made.

The other questions objected to, of a similar character, were competent for the same reason. The questions which called for information from the witness as to the nature of the drug stock, who purchased it, the knowledge of defendant as to the sale of

liquor, and under what instructions the witness was acting, were all competent, as bearing upon the main question,—was the sale charged in the indictment a sale by the defendant himself, or was it made by the clerk without his knowledge?

During the course of the instructions, the court made the following statement to the jury:

"Now, there does not seem to be very much dispute, and I don't think you will have any hard work to ascertain, as to whether this liquor was sold or not. It was either brandy or whisky. The sale was upon the fifth day of January, this year. Upon that there cannot be much question, because I do not understand that the defendant, or his counsel, upon his argument to you, denies it. But the question for your consideration is whether it was sold with the knowledge, authority, or approval of the accused; and upon that fact you must be satisfied from the evidence in the case, beyond a reasonable doubt, before you can say he is guilty."

This is assigned as error, because virtually an instruction to the jury that a sale was made on the fifth of January of intoxicating liquor, which was either whisky or brandy; thereby infringing upon the jury's right to determine those questions. The objection was not well taken. In the first place, the witness Skaug stated that he purchased either whisky or brandy on or about that day, and this was not denied by Storley. Courts and juries will take knowledge of the fact that whisky and brandy are intoxicating liquors. It needs no evidence to support a fact so well known. Besides, if the court was mistaken in assuming that defendant and his counsel did not deny that a sale of whisky or brandy had been made, it was the duty of counsel to set the court right, and not allow it to assume that fact.

It was decided in Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, that, by a long-established practice, it was the duty of counsel to call attention to obviously unintentional misstatements or verbal errors in the charge of the court to the jury, if deemed likely to be misleading, and that such duty was not abrogated by Laws 1901, c. 113. The trial judge in this case had strongly instructed the jury that it was their duty to pass upon all questions of fact, and not to be guided by anything the court might state with reference to the evidence. From the nature of the evidence, the failure of

counsel to set the court right if it was mistaken, and from the general clearness of the charge, we are satisfied that there was nothing prejudicial in the assignments referred to.

Order affirmed.