### STATE v. WILLIAM CHOUNARD.[1]

August 29, 1904.

No. 14,092.

William Chounard, having been convicted in the district court for Cass county of murder in the first degree and sentenced to death, moved that the verdict be set aside and the judgment vacated, and for a new trial. The court, Spooner, J., denied the motion, and defendant appealed to the supreme court, and thereupon moved for a stay of execution pending the hearing of the appeal. Motion denied.

*W. J. Donahower,* Attorney General, for the State.

*Bailey & McDonald,* for defendant.

PER CURIAM.

The defendant was on April 29, 1904, convicted in the district court of the county of Cass of murder in the first degree, and the death penalty was imposed. The governor issued his warrant, directing the sheriff to execute the sentence on August 30, 1904, and on this 29th day of August, 1904, the defendant, having appealed from an order denying his motion for a new trial, moved this court for a stay of execution.

The right to a stay, even in a capital case, is not a matter of absolute right, and the court may and ought to refuse it if clearly satisfied, upon an inspection of the record, that there is no merit in the appeal; but, if there is any fair doubt on the question, the stay should be granted until the alleged errors can be formally argued and determined. State v. Holong, 38 Minn. 368, 37 N. W. 587; State v. Hayward, 62 Minn. 114, 64 N. W. 90. In the first case cited the stay was refused, and in the second one it was granted.

[1] Reported in 100 N. W. 1125.

The errors urged in this case relate to the sufficiency of the evidence to sustain the conviction and to the correctness of the charge of the court to the jury.   The evidence is unquestioned that the defendant shot and killed his wife; but it is claimed that it also shows that he was at the time, by reason of intoxication, incapable of forming any intent, and therefore he is not guilty of murder in the first degree. The record clearly shows that this was, under the evidence, a question for the jury.   The instructions of the trial court to the jury were, taken as a whole, fair and correct.   An examination of the record with reference to the particular errors urged raises no fair doubt in our minds as to the legality of the defendant's conviction; for the record discloses no reversible errors.

It is therefore ordered that the motion for a stay be, and it is hereby, denied.