## STATE v. FRANK W. WATERMAN.[1]

August 23, 1910.

No. 16,783.

**Stay of execution.**

The right to a stay of execution, even in a capital case, is not an absolute one, and the court should refuse it, if it is clearly satisfied on an inspection of the record that there is no merit in the appeal. [Reporter.]

**Act constitutional.**

R. L. Supp. 1909, § 1278–16, providing that no person shall operate a motor vehicle at a rate of speed greater than is reasonable, or so as to endanger property or the life or limb of any person, provided, that in passing from a side street into a main thoroughfare where persons or vehicles are not plainly discernible, a person operating such vehicle shall have it under perfect control, and the rate of speed shall not exceed a mile in eight minutes, or on any street or highway exceed twenty-five miles per hour,—is constitutional. [Reporter.]

Defendant was convicted in the municipal court of St. Paul of a violation of Laws 1909, p. 310, c. 259, § 16, in driving a certain motor car on the public streets, traversing street crossings without having such car under perfect control, and was sentenced to thirty days in the workhouse. He appealed to this court from the judgment. Defendant then petitioned this court for an order admitting him to bail during the pendency of the appeal, and staying execution of the sentence during such bail. Denied.

*Thomas R. Kane* and *A. H. O'Neill,* for defendant.

[1]Reported in 127 N. W. 473.

*R. D. O'Brien,* County Attorney, *J. C. Michael* and *Kenneth G. Brill,* City Attorneys, for the State.

PER CURIAM.

The defendant was convicted in the municipal court of the city of St. Paul, upon his plea of guilty, of the offense of driving a motor car on the public streets, traversing street crossings without having such car under perfect control, and sentenced to imprisonment in the workhouse for the term of thirty days. He appealed from the judgment, and this is a motion for a stay of execution pending the appeal and that he be admitted to bail.

The right to a stay, even in a capital case, is not an absolute one, and the court may and should refuse it, if clearly satisfied upon an inspection of the record that there is no merit in the appeal. State v. Chounard, 93 Minn. 176, 100 N. W. 1125.

The defendant urges that the statute (Laws 1909, p. 310, c. 259, § 16 [R. L. Supp. 1909, § 1278—16]) is unconstitutional, and that the complaint to which he pleaded guilty did not charge a public offense. We have considered both questions, and find each of them without merit.

Motion denied.