## STATE v. HENRY C. HENRIKSEN.[1]

December 29, 1911.

Nos. 17,374—(2).

**Arson — verdict sustained by evidence.**
    In a prosecution for arson in the third degree, the evidence is *held* to support the verdict, and that no reversible error was committed on the trial.

[1] Reported in 133 N. W. 850.

[Note]   Comment on failure of defendant to produce witness as ground for reversal or new trial, see note in 34 L.R.A.(N.S.) 811.

**New trial not warranted because of attorney's remarks.**

Certain remarks of the county attorney *held* not to amount to misconduct justifying a new trial.

**Charge to the jury.**

The charge of the court, taken as a whole, fairly stated the rules and principles of law applicable to the issues involved, and was not open to objection as being argumentative.

**New trial — no exception taken to charge.**

The court incorrectly gave to the jury the maxim of "falsus in uno, falsus in omnibus;" but, as no objection thereto was made at the trial, the error is *held* not ground for a new trial.

Defendant was indicted and convicted in the district court for St. Louis county of the crime of arson in the third degree. From an order, Cant, J., denying defendant's motion for a new trial, he appealed. Affirmed.

*Harry W. Lanners, John Jenswold, Jr.,* and *C. R. Magney,* for appellant.

*George T. Simpson,* Attorney General, *John H. Norton,* County Attorney, and *Warren E. Greene,* First Assistant County Attorney, for the State.

BROWN, J.

Appellant and his wife were jointly indicted and charged with the crime of arson in the third degree. Separate trials were ordered, and appellant, the husband, was tried and convicted. He appealed from an order denying his motion for a new trial.

1. Appellant, with his wife and children, were residing in a rented house in the city of Duluth, and were intending to move into a dwelling of their own, which they had constructed. All their furniture was either in use or stored in the rented house, and was covered by insurance. The witnesses varied as to its value. The theory of the state was that the husband and wife were jointly concerned in an attempt to burn the house, to the end that the furniture might be destroyed and render the insurance thereon available for the purchase of new to place in the new home. That some one deliberately set the house on fire, after making careful plans for the

success of the deed, is a conceded fact in the case. The only question before the jury was whether defendant, either alone or in collusion with his wife, laid these plans and fired the building, or whether it was the act of some third person. We have examined the record with care, and reach the conclusion that the evidence fully justified the jury in finding defendant the guilty party. It would serve no useful purpose to discuss the evidence. It is sufficient to say that we have read it carefully, with the result stated. The assignment of error that the verdict is not supported is, therefore, not sustained, and we come directly to the questions presented by the other assignments.

2. Defendant complains of misconduct on the part of the county attorney in his closing address to the jury. It appears from the record that in his opening remarks to the jury the county attorney said, referring to a statement made to the jury by counsel for defendant: "Counsel said he was going to put Mrs. Henriksen on and prove all she knew, that she did not do it." Whereupon counsel for defendant took an exception to the statement so made. The county attorney then said: "I made that on purpose, so you would have that exception. In the opening statement my brother made he said: 'We will put Mrs. Henriksen on the stand and tell all she knows about it, and we will put the children on, and we will put the old man on.' He did not promise to put the dog on, and probably, if he had, the dog would have told the truth, especially if he was able to talk." Counsel for defendant took exception to the comparison "of the Henriksen family with the dog," and asked the court to reprimand the county attorney. The court did not deem the matter of any special importance and declined to interfere.

It is contended by counsel that the remarks of the county attorney constituted an improper reference to the failure of defendant to call his wife, jointly indicted with him, as a witness on the trial, and that the reference to the dog was prejudicial, citing in support of the first contention the cases of Johnson v. State, 63 Miss. 313, and Brock v. State, 123 Ala. 24, 26 South. 329, and in support of the second numerous decisions of this court. We are unable to discover substantial merit in either of these contentions.

The remark in respect to calling Mrs. Henriksen as a witness was a mere repetition of a statement made by counsel for defendant in his opening, to the effect that he intended to put her on the stand. It ended there, and there was no criticism of the failure to call her, or further reference made to the matter. And, conceding the soundness of the decisions from Mississippi and Alabama, above cited, we are satisfied that there was no such violation of the statute prohibiting reference on a trial of a criminal charge to the failure of a defendant to testify in his own behalf as to justify a new trial. It is clear that defendant was in no way prejudiced by the statement of the county attorney. State v. Crawford, 95 Minn. 467, 104 N. W. 295; State v. Lanyon, 83 Conn. 449, 76 Atl. 1095; Lipsey v. People, 227 Ill. 364, 81 N. E. 348.

Defendant was sworn as a witness in his own behalf and the reference by the county attorney to the statement of defendant's counsel that the wife would be called, without further comment, was without force or effect upon the minds of the jury in determining the guilt or innocence of defendant. Counsel's reference to the dog might well have been omitted. But we concur with the trial court that the remark was harmless.

3. It is further contended that the court erred in certain of its instructions to the jury. The assignments of error covering these alleged errors may be considered together, and do not require extended discussion. The charge, taken as a whole, was eminently fair, was in no proper sense objectionable as argumentative, and presented impartially all the issues to the jury. At the opening of the charge the court said to the jury that defendant was presumed innocent, and that the presumption followed him throughout the trial, that the burden of establishing his guilt was upon the state, and that no conviction could be had except upon evidence satisfying the jury of guilt beyond a reasonable doubt. By these instructions the jury were sufficiently informed of the degree of proof necessary to justify conviction, and it was not necessary subsequently in the course of the charge to repeat it.

The particular objections to the instructions are that, in connection with the extracts taken therefrom, the court did not again refer

116 M.—24.

to the degree of proof. In this respect the court said: "If, however, having considered the evidence, you are satisfied that a crime has been committed, and that the person on trial is the one connected therewith, who committed the same, it is the duty of the jury to convict." A similar statement was made in another part of the charge, and counsel insists that, because the words "beyond a reasonable doubt" did not follow the word "satisfied," the correct rule was not given the jury. For reasons already stated, we do not concur in this contention. The court had correctly stated the rule to the jury, and the failure to refer to it again in connection with the particular parts of the charge mentioned was undoubtedly an oversight, and in any event was without prejudice to the substantial rights of defendant. No objection was made to it at the trial, nor request made for more specific directions. State v. Zempel, 103 Minn. 428, 115 N. W. 275.

The court further instructed the jury that, if they believed that any witness had wilfully testified falsely as to any material fact, they were at liberty to disregard his testimony entirely, failing to add the usual saving clause, "unless corroborated by other credible witness," but instead thereof concluding with this statement, "or give to it such credit as under the circumstances you think it fairly entitled to receive." The instructions were not in the form approved as a rule by decisions of this court, yet we are clear that the jury was in no manner misled or the rights of defendant prejudiced. The omission of the language referred to was clearly an inadvertence, not a matter of substance, and, as no exception to the charge was taken at the trial, the error, if error be conceded, but which we do not affirm, is not available to defendant. State v. Quackenbush, 98 Minn. 515, 108 N. W. 953. In State v. Henderson, 72 Minn. 74, 74 N. W. 1014, objection to the incorrect instruction upon this subject was made at the close of the charge and before the jury retired.

This covers all assignments requiring special mention, and results in the conclusion that defendant was properly convicted and that the record presents no reversible error.

Order affirmed.