[No. 1436, May 5, 1912.]

## TERRITORY OF NEW MEXICO v. FELIX MUNIZ and MANUEL DURAN, Appellants.

### SYLLABUS (BY THE COURT).

1. Appellants were indicted and tried for murder. The jury returned the following verdict: "We the jury, find the defendants, Felix Muniz and Manuel Duran guilty of manslaughter, 3d degree." A motion was made in Arrest of Judgment, upon the ground that the jury did not convict defendants of any crime recognized or existing under the laws of the Territory of New Mexico, there being no degree of manslaughter known as 3 degree. The motion was overruled. The words of the verdict, "guilty of manslaughter" was a full and complete finding of the issue submitted, and the superadded expression "3 degree" is meaningless and to be treated as surplusage.

2. An instruction that, "If you believe that any witness has wilfully testified falsely in any. particular, you have the right wholly to disregard all the evidence of that witness," is erroneous in not limiting the false testimony, upon the falsity of which the jury might disregard all the evidence of a witness. to some material fact.

Appeal from District Court, Taos County.

CATRON & CATRON, for Appellants.

The court erred in accepting the following verdict and refusing to discharge the defendants: "We, the jury,

find the defendants guilty of manslaughter, 3 .degree."
Bishop Crim. Proc., sec. 1005; State v. Stephanus et al.,
99 Pac. 428; State v. Belk, 76 N. C. 10; Com. v. Haskins,
128 Mass. 60; People v. Bush, 3 Park. Crim. Rep. 552;
Grant v. State, 23 L. R. A. 723; Burton v. Bondies, 2
Tex. 204; Bishop's New Crim. Proc. vol. 1, sec. 642; State
v. White, 41 Ia., 325; Manigault v. State, 53 Ga. 113;
Allen v. State, 52 Ala. 391; Wright v. People, 33 Mich.
300; Gibbs v. State, 34 Tex. 134; Riflemaker v. ·State,
25 Ohio St. 395; State v. Stewart, 91 N. C. 566.

Erroneous instructions.   Territory v. Lucero, 8 N. M.
550; Territory v. Gonzales, 11 N. M. ·331; Woolen v.
Whitacre, 91 Ind. 502; Jones et al. v. Castler, 139 Ind.
395; Cline v. Lindsey, 110 Ind. 337; Durham v. Smith,
120 Ind. 468; Brickwood Sackett Instructions, vol. 3,
3319; 59 Am. Ref. 211; Lee v. State, 74 Wis. 45; Men-
·denhall v. Stewart, 18 Ind. App. 262; Hinnod Coal Co. v.
Clingan, 114 Ill. App. 576; 2 Bishop's New Crim. Proc.,
sec. 521; Territory v. Fewel, 5 N. M., 34; State v. Press-
lar, 3 Jones, 421; Hein v. State, 12 Wyo. 80; People v.
Rockwell, 39 Mich. 503; Livingston v. Commonwealth, 14
Grattan, 592; Brickwood Sachett's Instructions, vol. 2,
secs. 2639-2640; Kirby v. State, 44 Fla. 81; State v.
Brown, 100 Ia. 50; Snyder v. State, 59 Ind. 105; Bas-
sett v. State, 44 Fla. 2.

As to errors committed in drawing, empanelling, excus-
ing and selecting jury.   Territory v. Lermo, 46 Pac. Rep.
16; Territory v. Emilio, 14 N. M. 160; sec. 3404, C. L.
1897.

FRANK W. CLANCY, Attorney General, for Appellee.

The verdict is sufficient to support the judgment.   Com-
monwealth v. Carrington, 116 Mass. 37; Wallace v. State,
2 Lea, 32; State v. Jenkins, 60 Wis. 599; Traube v. State,
·56 Miss. 155.

As to the words "knowingly" and "wilfully."   8 Words
.and Phrases, 7474; Wigmore on Evidence, sec. 1014.

No error in the instructions.   2 Bishop Crim. Law,

secs. 637 to 639; Brickwood's Sackett on Instructions, sec. 2973.

As to the selection of jurors.    State v. Adair, 66 N. C. 298; Funkhouse v. Payne, 13 Ark. 295; Sparks v. State, 59 Ala. 82; State v. Hill, 15 So. 145; Edelen v. Gough, 8 Gill. 87; Jhons v. People, 25 Mich. 499; Haynes v. Crutchfield, 7 Ala. 189; Comm. v. Knapp, 10 Pick. 477; Comm. v. Twombly, 10 Pick. 480; State v. Pritchard, 16 Nev. 101; McFadden v. Comm. 23 Penn. 16.

CATRON & CATRON, for Appellants in reply.

Verdict was insufficient to support the judgment. Traube v. The State, 56 Miss. 155.

The testimony of witness must be both "knowingly" and "wilfully" false to warrant a jury in disregarding it. Pacific Gold Co. v. William Skillicorn, 8 N. M. 8; Words & Phrases, vol. 5, p. 3939; U. S. v. Claypool, 14 Fed. 127; U. S. v. Cassidy, 67 Fed. 698; U. S. v. Territory, 42 Fed. 317; Gibbs v. Hanchette, 51 N. W. 691; Williams v. People, 26 Colo. 272; State v. Perry, 109 Ia. 353; Reuben B. Pollard v. State, 69 Ill. 148; Bonnie et 'al. v. Earll et al., 12 Mont. 239; Jason Gulliher et al. v. State, 82 Ill. 145; James Swan v. State, 98 Ill. 610; Agnes. Paulette v. James G. Brown, 40 Mo. 52.

### STATEMENT OF FACTS.

The defendants, appellants here, were indicted for the murder of Manuel Pacheco, tried and found guilty of manslaughter.    The form of the verdict found by the jury being as follows:

"We, the jury, find the defendants, Felix Muniz and Manuel Duran, guilty of manslaughter, 3 degree."

### OPINION (OF THE COURT).

HANNA, J.—1.    The first error assigned is that the Court erred in accepting the verdict of the jury and refusing to discharge the defendants.    The contention of appellants being that the verdict did not find the de-

fendants guilty of any crime, or offense, existing under, or recognized by, the laws of the then Territory of New Mexico.

In our opinion it is necessary to consider the instructions of the Court for the purpose of arriving at the true intendment of this verdict. After correctly instructing the jury as to murder in the first and second degrees, in his fifth instruction, the Court proceeded to instruct, in number six, upon manslaughter as follows:

"Manslaughter is the unlawful killing of a human being without malice. It is of two kinds. First, Voluntary, upon a sudden quarrel or in the heat of passion; Second, Involuntary, *of which as defined by the Statute Law, there is no evidence in this case.*"

Therefore, under the instructions, referred to, the jury was specifically limited to a finding of murder in the first or second degree, or to a finding of voluntary manslaughter.

The Court caused to be prepared for the jury seven forms of verdict and in this connection instructed the jury as follows:

"These forms will be furnished you for your convenience but you are not limited to them. If you wish to render a verdict different from any of the forms provided, you can write such a verdict as you desire or apply to the Court for assistance."

The verdict returned by the jury was one prepared by it, and differed from the seven forms prepared for the convenience of the jury and evidently resulted from the instructions, when it is borne in mind that the instruction as to voluntary manslaughter immediately followed that as to murder in the first and second degrees.

Bishop's Crim. Proc. sec. 1005, is pertinent to this question.

"The language in the verdict, being that of 'lay people,' need not follow the strict rules of pleading, or be otherwise technical. Whatever conveys the idea to the common understanding will suffice. And all fair intendment will be made to support it."

In view of the fact that this jury was clearly instructed

that its verdict must be limited to murder in the first or second degree, or to voluntary manslaughter we must believe that it intended to find the defendants guilty of voluntary manslaughter.

We have no crime known as manslaughter in the "3 degree," or, in the third degree if that be the meaning of the term used in this verdict, therefore, this expression (3 degree) is meaningless and should be treated as surplusage. The verdict is ·clearly complete without this expression and finds the whole issue.

In the case of Traube v. The State, 56 Miss. 153, the jury found the following verdict:

"We, the jury, find the defendant guilty of manslaughter in the second degree." .

The same argument was there made, as is made in this case, but the Court held "that a superadded finding, not embraced in the issue, will be treated as surplusage."

In the case of Grant v. State (Fla.) 23 L. R. A. 723-737, cited by appellants, the Court says:

"In the case before us the finding of manslaughter in the first degree was technically informal, as there are no degrees of manslaughter, although we arc of the opinion that such a verdict was in legal effect one of manslaughter, and the Court might have regarded the words 'in the first degree' surplusage and proceeded to affirm the verdict."

The foregoing, in our opinion, disposes of all objection to the form of the verdict.

The next assignment of error urged by appellants and the only one calling for the serious consideration of this Court is based upon instruction 15 of the Court below, which was given in the following language:

"You are the sole judges of the weight of the evidence, and the credibility of the witnesses. If you believe that any witness has wilfully testified falsely in any particular, you have the right to wholly disregard· all the evidence of that witness, or to allow it such weight as you think proper on other points in connection with the other evidence in the case."

It is first argued by appellants that this instruction

is erroneous because it does not say that the witness. *knowingly* as well as *wilfully* testified falsely. In the opinion of the Court this view of the matter is an extreme and unjustified interpretation of the authorities. It is sufficient if the false testimony has been wilful or intentional, or given with a design to conceal or mislead.

2 Thompson on Trials, sec. 2423.

A careful examination of the case of Gold Co. v. Skillicorn, 8 N. M. p. 12, which was relied upon by appellants to sustain this contention, discloses that our Territorial Supreme Court laid down the rule in the following language, viz:

"The jury have a right to disregard the testimony of any witness or witnesses who have testified in the case, provided they believe that such witness or witnesses have wilfully and intentionally sworn falsely in any material part of their testimony."

A careful examination of many authorities discloses that the true rule is that the jury should be instructed that it may disregard the testimony of any witness who has wilfully or knowingly or intentionally testified falsely as to any material fact in the case.

Hurlbut v. Lepet, 12 S. Dak. p. 323.

The argument of appellants, however, that this instruction is fatally defective in that it does not limit the false testimony, upon the falsity of which the jury might disregard all the evidence of a witness, to some material fact, is well taken. The learned Attorney General concedes that the instruction is bad if the question is to be decided upon precedent and weight of authority. We have carefully considered the suggestion that this Court is not bound by any precedent and that we should establish a new rule and precedent seemingly pointed out in sec. 1014 of Wigmore on Evidence. We are, however, after a most careful examination of the authorities and many precedents, compelled to adopt the view that there is a sound reason for the line of precedents we are asked to disregard.

It has been said that "the most candid witness may innocently make an incorrect statement, and it would be

monstrous to hold that his entire testimony, for that reason, would be disregarded."

Pope v. Dodson, 58 Ill. 360.

Matthews v. Granges, 196 Ill. 172.

"To justify disbelief in the testimony of a witness, because some portion of what he says is not true, it should always be remembered that the untruthfulness must be of some material matter; there are good reasons for this, in that men are not particular in statements, which are not material, but come in only as part of the res gestae; they do not remember such things accurately, and it seems absurd to charge a witness with wilfully telling falsehoods, immaterial to the issue in hand."

McLean v. Clark, et al. 47 Ga. 71.

It has been held that an instruction objectionable in the respects complained of in this case is fundamentally erroneous and prejudicial.

State v. Henderson, 74 N. W. 1014.

The instruction being erroneous and very material the judgment is reversed and a new trial granted.

As the other points raised may be obviated upon another trial, it is unnecessary to now consider them.