## STATE v. JOHN W. LOGAN.[1]

January 19, 1917.

### Nos. 20,177—(4).

**Intoxicating liquor — evidence to contradict defendant's testimony.**

1. The defendant on trial for the illegal sale of intoxicating liquor, a specific sale being charged, offered his own testimony and that of another, to the effect that there was no intoxicating liquor at his place of business subsequent to a date long prior to that of the alleged sale, in corroboration of his claim that he did not sell, and such testimony was received without objection. It was not error to allow the state in rebuttal to contradict such testimony.

**Admission of evidence not prejudicial.**

2. There was no prejudicial error in the receipt of a freight bill, which

[1] Reported in 160 N. W. 1015.

was subsequently stricken out, nor of testimony intended to qualify it for admission.

Defendant was indicted by the grand jury for the crime of selling intoxicating liquor without a license, tried in the district court before Watts, J., and a jury which found defendant guilty as charged in the indictment. From an order denying his motion to dismiss the action or for a new trial, defendant appealed. Affirmed.

*H. A. Bronson* and *W. J. Rasmussen,* for appellant.

*Lyndon A. Smith,* Attorney General, *James E. Markham,* Assistant Attorney General, and *G. A. Youngquist,* County Attorney, for respondent.

DIBELL, C.

The defendant was convicted of illegally selling intoxicating liquor. He appeals from the order denying his motion for a new trial. The errors alleged relate to rulings on evidence.

1. In November, 1915, Polk county became dry territory upon a vote taken pursuant to the county option statute. Laws 1915, p. 24, c. 23. At that time the defendant was conducting a licensed saloon in East Grand Forks. Upon the county becoming dry he conducted a soft drinks place in the rooms in which he had kept his saloon. The illegal sale of which he was convicted was made on June 15, 1916. There is a sharp conflict in the testimony. One Hedin, to whom the indictment alleges that the sale was made, testified that he purchased. The defendant testified that he did not sell. This was all the direct testimony. The defendant offered as material evidence, in corroboration of his claim that no sale was made, his testimony and that of his porter to the effect that there was no intoxicating liquor on the premises after November, 1915, and the testimony was received without objection. In rebuttal the state offered the testimony of one Hegg that at a date shortly prior to the trial there was liquor at the defendant's place of which he drank. It was received over objection. The defendant claims that it was error. The state did not by this testimony attempt to show another sale. The defendant was not there, when Hegg got the liquor and no sale was shown. The state stopped with evidence that there was liquor at the

defendant's place. We are of the opinion that the court properly enough received the evidence of the defendant and his porter to the effect that there was no liquor on the premises, and that it was not error to receive testimony in contradiction of it. The case is distinguished from State v. Austin, 74 Minn. 463, 77 N. W. 301.

2. There was received in evidence, over the objection of the defendant, a freight bill tending to show that in February, 1916, there was shipped to him a barrel of whiskey. Afterwards, conceiving that its ruling was incorrect because actual delivery was not shown, the court of its own motion changed it and struck out the bill. In qualifying it for admission in evidence there was likely error in that some of the testimony tended to show the contents of the bill. There was nothing of so prejudicial a character as to require a new trial. Nor did the defendant suffer from the receipt in evidence of the freight bill subsequently stricken out.

Order affirmed.