STATE v. HOWARD GESELL.[1]

May 18, 1917.

Nos. 20,419—(4).

**Intoxicating liquor — illegal sale — accomplice.**

1. One who purchases intoxicating liquor, sold contrary to law, for the purpose of prosecuting the seller for an unlawful sale, does not thereby become an accomplice.

**Same — evidence of other sales.**

2. The admission of evidence of other sales, on a trial under an indictment for the unlawful sale of intoxicating liquor, at about the time of the sale mentioned in the indictment, *held* not error.

**Same — express receipts in evidence.**

3. Upon a trial for illegal sale of intoxicating liquor, *held* not error to admit in evidence express receipts as tending to show shipments of liquor to defendant.

Defendant was indicted by the grand jury for the crime of unlawfully selling intoxicating liquor, tried in the district court for Pennington county before Grindeland, J., and a jury which returned a verdict of guilty. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Charles E. Boughton* and *O. A. Naplin,* for appellant.

*Lyndon A. Smith,* Attorney General, *James E. Markham,* Assistant Attorney General, and *H. O. Kjomme,* County Attorney, for respondent.

QUINN, J.

The defendant was indicted, tried and convicted of unlawfully selling intoxicating liquor. From an order denying his motion for a new trial defendant appealed. The indictment charges that defendant did on the eleventh day of April, 1916, at the city of Thief River Falls, in Pennington county, unlawfully, wrongfully and wilfully sell intoxicating liquor, to-wit: One pint of whiskey to one J. F. Delaney, without having

[1]Reported in 162 N. W. 683.

a license therefor, etc. Appellant insists that he should be granted a new trial, and as grounds therefor urges 20 or more specific assignments of error, all of which will be considered under a few general propositions.

1. Appellant insists that the verdict is not justified by the evidence and is contrary to law in that the verdict is based upon the evidence of the witness, Delaney, who testified that he purchased the whiskey in question from the defendant, thereby showing himself to be an accomplice, and his testimony not being corroborated is not sufficient to sustain the verdict. It is not disputed but that the witness Delaney was by profession a detective; that he came to the city of Thief River Falls at the request of its mayor to procure evidence against those engaged in the unlawful sale of intoxicating liquor; that upon the trial Delaney appeared as a witness on the side of the state; that he testified, in effect, that he met the defendant upon the street on the morning of April 11, 1916; that after a few friendly words they went to the defendant's place of business, and that, after some talk about going across the street for breakfast, witness asked defendant for a bottle of whiskey; that the defendant then handed him a pint bottle of whiskey for which he paid defendant 75 cents; that he so purchased such liquor from defendant for the purpose of getting evidence against him.

The question then is: Does one who purchases intoxicating liquor, sold contrary to law, for the express purpose of prosecuting the seller for an unlawful sale, thereby become an accomplice? We answer the question in the negative. State v. Baden, 37 Minn. 212, 34 N. W. 24; State v. Quinlan, 40 Minn. 55, 41 N. W. 299.

It is insisted that section 8477, G. S. 1913, which provides that "every person concerned in the commission of a crime, whether he directly commits the act constituting the offense, or aids and abets in its commission, and whether present or absent, and every person who directly or indirectly counsels, encourages, hires, commands, induces, or otherwise procures another to commit a crime, is a principal, and shall be indicted and punished as such," applies in this case; it being contended that the person who purchases the liquor induces the seller to commit the crime of selling it, and so aids and abets in the commission of the offense.

With this contention we do not concur; the "aiding" and "abetting"

intended by the statute is a positive act in aid of the commission of the offense, a force physical or moral joined with that of the perpetrator in producing it. The aider or abettor must stand in the same relation to the crime as the criminal, approach it from the same angle, touch it at the same point. Such is not the case with the purchaser of liquor. His approach to the crime is from the other side. The purchaser, by his offer to buy, induces, in a sense, the seller to make the sale; but he cannot be said to assist him in it. The whole force, moral or physical, that went to the production of the crime as such was the seller's. State v. Teahan, 50 Conn. 92; Walen v. Kerby, 99 Mass. 1; State v. Rand, 51 N. H. 361, 12 Am. Rep. 127; Com. v. Downing, 4 Gray (Mass.) 29; Wakeman v. Chambers, 69 Iowa, 169, 28 N. W. 498, 58 Am. Rep. 218; Com. v. Willard, 22 Pick. (Mass.) 476.

2. Appellant contends that the trial court was in error in admitting proof of other sales of liquor than the one named in the indictment, at about the time of the sale in question. The testimony under the circumstances was proper in corroboration of the principal charge. State v. Peterson, 98 Minn. 210, 108 N. W. 6; State v. Sederstrom, 99 Minn. 234, 109 N. W. 113.

3. Appellant also contends that it was error to admit in evidence the express receipts tending to show that at previous times liquor had been shipped to defendant. We find no prejudical error in admitting such testimony. 23 Cyc. 250; State v. Lewis, 86 Minn. 174, 90 N. W. 318; State v. Logan, 135 Minn. 387, 160 N. W. 1015.

We have considered appellant's other assignments of error and find no prejudicial error.

Order affirmed.