## STATE v. JOHN KAUFMAN.[1]

July 8, 1927.

No. 26,164.

**Information construed as charging larceny in the second degree.**

1. The information alleged that in the nighttime the defendant stole a quantity of men's clothing of the value of more than $25, but failed to allege that the clothing was taken from a building. *Held*, that the information cannot be sustained as one charging defendant with the commission of the crime of grand larceny in the first degree but that it sufficiently charges the commission of grand larceny in the second degree.

**As construed by court, verdict did not prejudice any substantial right of defendant.**

2. The court erroneously instructed the jury that defendant was charged with grand larceny in the first degree. The jury returned a

[1]Reported in 214 N. W. 785.

verdict finding the defendant guilty as charged in the information. In effect this was a verdict of guilty of grand larceny in the second degree. The conviction is a bar to a subsequent prosecution for the graver offense and, since the defendant escapes the penalty attending such offense, he cannot be heard to say that any of his substantial rights were prejudiced.

**Point mentioned cannot be raised on this appeal.**

3. On appeal from an order denying a new trial, made before defendant was sentenced, the point that the sentence was excessive cannot be raised.

**Rule of Steinbauer case applies in criminal cases.**

4. An inadvertent statement in the instructions to the jury must be called to the court's attention under the rule of Steinbauer v. Stone, 85 Minn. 274, which is applicable in criminal as well as in civil actions.

**Variances claimed were not material.**

5. Alleged variances between the proofs and the facts alleged in the information concerning the ownership of the stolen goods and the place from which they were stolen were not material.

Criminal Law, 16 C. J. p. 271 n. 12; p. 1103 n. 68; 17 C. J. p. 64 n. 3; p. 204 n. 98.
Larceny, 36 C. J. p. 810 n. 3; p. 859 n. 21; p. 866 n. 24.

See 14 R. C. L. 172, 175; 3 R. C. L. Supp. 189; 4 R. C. L. Supp. 884; 5 R. C. L. Supp. 751; 6 R. C. L. Supp. 802.

Defendant appealed from an order of the district court for Aitkin county, Wright, J., denying his motion for a new trial. Affirmed.

*A. M. Cary*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *Frederick W. Allin*, County Attorney, for the state.

LEES, C.

Defendant appealed from an order denying his motion for a new trial after he was found guilty of the crime of larceny.

[1] The information upon which he was prosecuted charged him and another man with having stolen "from * * * the Royal Clothing House Company, a corporation duly organized, * * * under * * * the laws of the state of Minnesota, situated at No. 203 Minnesota avenue, in said village," a quantity of men's clothing of the value of more than $25, and alleged that the property was stolen in the nighttime and belonged to the company.

At the opening of the trial appellant's counsel objected to the introduction of any evidence on the ground that the information failed to state facts sufficient to constitute a public offense. The objection was overruled and an exception noted. At the close of the evidence, appellant moved for a directed verdict on the ground that the state had failed to establish the offense charged in the information. This motion was also denied and appellant excepted.

[2] The court instructed the jury that the information charged the appellant with the commission of the crime of grand larceny in the first degree and that it alleged that the value of the goods was $25. Appellant took no exception to these instructions. The jury returned a verdict finding the appellant guilty as charged in the information.

The notice of the motion for a new trial specified among other grounds: (1) That the verdict is not justified by the evidence; (2) that the court erred in overruling the objection to the introduction of any evidence under the information and in denying appellant's motion for a directed verdict; (3) that the court erred in instructing the jury that the information charged appellant with the commission of the crime of grand larceny in the first degree; (4) that the court erred in charging the jury that the value of the goods was $25; and (5) that there was a fatal variance between the proof and the allegations of the information. These points, and others which need not be mentioned, are assigned as error.

The first point is not discussed in the briefs and was not touched on in the oral argument, hence we make no reference to it except to say that we have examined the record and are satisfied that the evidence justified the jury in finding that the theft was committed and that appellant participated in the commission of the crime.

The record shows that the county attorney intended to charge appellant with the commission of the crime of grand larceny in the first degree as defined in G. S. 1923, § 10362, par. 2. An essential element of the crime defined is the taking of the property from a vessel, railway car, or a building of some description. The information does not allege that the goods were taken from a building. "No. 203 Minnesota avenue in said village" probably refers to a building somewhere, but the information does not name the village in which Minnesota avenue is located. The learned deputy attorney general frankly concedes that the information is defective in this particular, but contends that it states all the essential elements of grand larceny in the second degree, as defined in that portion of G. S. 1923, § 10363, reading:

"Every person who, under circumstances not amounting to grand larceny in the first degree, * * * shall steal * * * — .

"1. Property of the value of more than twenty-five dollars, but not exceeding five hundred dollars, in any manner whatever; * * * —

"Shall be guilty of grand larceny in the second degree."

The information does not allege that the value of the property did not exceed $500. The state proved that it exceeded $25 and stopped there. The information charged appellant with the theft of the goods, but did not charge grand larceny in the first degree or petit larceny. We think the information can be sustained as one charging grand larceny in the second degree.

We are not unmindful of the provision of art. 1, § 6, of the state constitution, which guarantees to the accused the right to be informed of the nature and cause of the accusation. This court has not been inclined to disregard the constitutional rights of a person accused of a crime merely because the evidence of his guilt was satisfactory to the jury, but has repeatedly said that the technical rules of the common law as to criminal pleadings do not obtain in this state.

Section 10648, G. S. 1923, provides that no indictment shall be insufficient by reason of a defect or imperfection in matter of form

which does not tend to the prejudice of the substantial rights of the defendant upon the merits. This provision is applicable to informations. G. S. 1923, § 10665. In State v. Holong, 38 Minn. 368, 37 N. W. 587, it was said that the statute was enacted to free criminal pleading from the technical rules of the common law; and in State v. Howard, 66 Minn. 309, 68 N. W. 1096, 34 L. R. A. 178, 61 A. S. R. 403, that if the charging part of an indictment states facts showing the commission of a crime by the defendant, the law determines its name and nature and a misnomer of the crime does not affect the validity of the indictment. In State v. Snyder, 113 Minn. 244, 129 N. W. 375, the facts stated in the indictment constituted the crime of grand larceny in the first degree, but the offense was designated as grand larceny in the second degree. It was held that this was harmless error and that the defendant might have been found guilty of either offense according to the evidence as to the value of the property.

Here, the charge was grand larceny in the second degree and the evidence showed the commission of grand larceny in the first degree. As was said in the case last cited, errors favorable to the defendant are of no avail, and surely appellant should not complain because the failure of the county attorney to charge him with grand larceny in the first degree results in his escape from the penalty imposed upon one who commits the more serious offense.

. Although the court erred in instructing the jury that appellant was charged with the commission of the crime of grand larceny in the first degree, under the circumstances none of appellant's substantial rights were prejudiced, for the jury was satisfied that he was guilty of that crime and it includes the lesser offense. State v. Morris, 149 Minn. 41, 182 N. W. 721. The verdict was guilty as charged in the information, in effect a verdict of guilty of second degree larceny.

That the conviction is a bar to a subsequent prosecution for the graver offense is settled by State v. Wiles, 26 Minn. 381, 4 N. W. 615; and State v. Wondra, 114 Minn. 457, 131 N. W. 496, Ann. Cas. 1912C, 667.

[3] We were told in the course of the argument that appellant was sentenced under § 10362 instead of § 10363, G. S. 1923. If that be true, he has a remedy by applying to the court below for a correction of the sentence, State ex rel. Petcoff v. Reed, 138 Minn. 465, 163 N. W. 984, the point not being available on appeal from an order denying a motion for a new trial.

[4] It is plain that the court's statement, that the information alleged that the value of the property was $25, was a mere inadvertence to which appellant should have called attention. The rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, is applicable in criminal as well as civil actions. State v. Lewis, 86 Minn. 174, 90 N. W. 318; State v. Ames, 90 Minn. 183, 196, 96 N. W. 330; State v. Henriksen, 116 Minn. 366, 370, 133 N. W. 850; State v. Dunn, 140 Minn. 308, 320, 168 N. W. 2.

[5] The suits of stolen clothing were shown to the witness Robinson when he testified for the state and he was asked if they belonged to him, and answered that they did. In view of the fact that Robinson was a stockholder and officer of the Royal Clothing House Company, it is apparent that what he meant by his answer was that the clothing belonged to the corporation.

The state proved that the company's store was located in the First National Bank building in the village of Aitkin and failed to prove that the company was "situated at No. 203 Minnesota avenue" as alleged in the information. This was not a fatal variance. State v. Whitman, 103 Minn. 92, 114 N. W. 363, 14 Ann. Cas. 309.

We conclude that the information charged appellant with the commission of the crime of grand larceny in the second degree; that upon sufficient evidence the jury found him guilty of that crime; and that there were no errors in the course of the trial which were prejudicial to any of his substantial rights.

Order affirmed.