## STATE v. RAYMOND SOLUM.[1]

March 6, 1931.

No. 28,335.

*Garfield H. Rustad,* for appellant.

*Henry N. Benson,* Attorney General, and *Henry C. Stiening,* County Attorney, for the state.

WILSON, C. J.

Defendant appealed from an order denying his motion for a new trial after having been found guilty in bastardy proceedings.

The girl testified that sexual intercourse took place in a store on January 3, 1929. Two other persons testified as to the opportunity at that time and place. Defendant's mother testified that he had told her that he had had such intercourse with the girl. The entire record is convincing of defendant's guilt. He did not take the stand.

In the preliminary portion of the court's instructions, wherein it was apparently attempting to simplify and make plain the issues, it was said:

"It seems to be admitted that these parties, the complainant and the defendant, both reside somewheres in the neighborhood of Hitterdal, or in Hitterdal in this county; that intercourse did take place between them on the third day of January, 1929; and I think

[1]Reported in 235 N. W. 390.

it is conceded, or at least established, by the evidence without any denial that a male child was born to the complainant, Hazel Melby, on the 9th day of October, 1929."

It was not admitted "that intercourse did take place between them on the third day of January, 1929." That statement was an error and should not have been made.

It is probable that the record would support an affirmance upon the theory that defendant was not prejudiced, see State v. Damuth, 135 Minn. 76, 160 N. W. 196, but as to that we make no determination.

It is obvious that the statement was a mere inadvertence. It does not relate to a controlling proposition of law. It was an inaccurate statement as to a fact in issue. Counsel did not call the matter to the attention of the trial court by an exception thereto or otherwise. It follows that error cannot be successfully based thereon. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754; Eichhorn v. Lundin, 172 Minn. 591, 216 N. W. 537; State v. Kaufman, 172 Minn. 139, 214 N. W. 785; State v. Farmer, 179 Minn. 516, 229 N. W. 789.

Affirmed.